Dannie MEADE, Appellant,

v.

REEDY COAL COMPANY, As Insured By Liberty Mutual Insurance Company; Reedy Coal Company, As Insured By Old Republic Insurance; Robert L. Whittaker, Director of Special Fund; Donald G. Smith, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 1999–SC–0552–WC.

Supreme Court of Kentucky.

March 23, 2000.

12.  KRS 304.36–050(6)(a).

13.  *Supra* note 1.

Thomas W. Moak, Donald Wayne Taylor, Jr., Stumbo, Barber, & Moak, Prestonsburg, for Appellant.

Penelope Justice Turner, Robinette–May and Associates, P.S.C ., Pikeville, Counsel for Appellee Reedy Coal Company, As Insured by Liberty Mutual Insurance Company.

Jeffrey D. Damron, Prestonsburg, for Appellee Reedy Coal Company, As Insured by Old Republic Insurance.

Joel D. Zakem, Labor Cabinet—Special Fund, Frankfort, for Appellee Whittaker.

## OPINION

This workers' compensation appeal concerns whether the December 12, 1996, amendments to KRS 342.125, which prohibited the reopening of an award within two years after its entry, apply to those awards which were entered before the effective date of the amendments.

Claimant injured his left knee in February, 1992, and injured his right knee in February, 1994. On December 21, 1995, he was awarded a 50% permanent, partial occupational disability as a result of the injuries. He moved to reopen the award on January 30, 1997, alleging an increase in occupational disability. The employer asserted, however, that reopening was prohibited by the December 12, 1996, amendments to KRS 342.125 because less than two years had passed since the award was entered.

An Arbitrator determined that the employer was correct and denied the motion. That decision was affirmed on appeal to an Administrative Law Judge (ALJ) who noted that pursuant to KRS 342.0015, the amendments at issue were remedial. The Workers' Compensation Board (Board) determined, however, that the ALJ had misconstrued the amendments and reversed. The Board noted that the amended version of KRS 342.125 contained two different time limitations with regard to reopening workers' compensation awards. The Board was of the opinion that the prohibition against reopening an award within two years of its entry did not apply to awards entered before the amendment's effective date; whereas, as of December 12, 1996, a four-year limitation on the period within which an award might be reopened was imposed on all awards. A subsequent decision by the Court of Appeals reinstated the decision of the ALJ, and the present appeal by the claimant followed.

The injuries which gave rise to this combined claim occurred before the effective date of the amendments, and the award was entered before the effective date of the amendments. Under the usual rule, the law on the date of injury controls the rights of the parties with regard to the claim. At the time claimant was injured and at the time the award was entered, KRS 342.125(1) provided that an award could be reopened "at any time" upon the requisite showing. As amended effective December 12, 1996, KRS 342.125 provides, in pertinent part, as follows:

(1) Upon motion by any party or upon an arbitrator's or administrative law judge's own motion, an arbitrator or administrative law judge may reopen and review any award or order on any of the following grounds:

  (a) Fraud;

  (b) Newly-discovered evidence which could not have been discovered with the exercise of due diligence;

  (c) Mistake; and

  (d) Change of disability . . . .

. . . .

(3) Except for reopening solely for determination of the compensability of medical expenses, fraud, or conforming the award as set forth in KRS 342.730(1)(c)(2)., or for reducing a permanent total disability award when an employee returns to work, no claim shall

be reopened more than four (4) years following the date of the original award or order granting or denying benefits, or within two (2) years of such award or order, and no party may file a motion to reopen within two (2) years of any previous motion to reopen by the same party.

. . . .

(8) The time limitation prescribed in this section shall apply to all claims irrespective of when they were incurred, or when the award was entered, or the settlement approved. However, claims decided prior to December 12, 1996, may be reopened within four (4) years of the award or order or within four (4) years of December 12, 1996, whichever is later, provided that the exceptions to reopening established in subsections (1) and (3) of this section shall apply to these claims as well.

KRS 446.080(3) provides that "No statute shall be construed to be retroactive, unless expressly so declared;" however, KRS 342.0015 was enacted effective December 12, 1996, and provides, in pertinent part, as follows:

The substantive provisions of 1996 (1st Extra.Sess.) Ky. Acts ch. 1 shall apply to any claim arising from an injury or last exposure to the hazards of an occupational disease occurring on or after December 12, 1996. Procedural provisions of 1996 (1st Extra.Sess.) Ky. Acts ch. 1 shall apply to all claims irrespective of the date of injury or last exposure, including, but not exclusively, the mechanisms by which claims are decided and workers are referred for medical evaluations. The provisions of KRS . . . 342.125(8) . . . are remedial.

■ The legislature has expressly declared KRS 342.125(8) to be remedial;

therefore, we begin with the premise that KRS 342.125(8) is remedial and is intended to be applied retroactively. This appeal turns upon what we discern the meaning and intent of KRS 342.125(8) to be. As with other legislation, the role of the Court in construing remedial legislation is to effectuate the intent of the legislature. Where that intent is not clear, we remain mindful of the principle embodied in KRS 446.080(3) that, unless the legislature clearly indicates otherwise, legislation is intended to operate in a prospective manner only. See, 73 Am.Jur.2d *Statutes* §§ 347–55 (1974).

The second sentence of KRS 342.125(8) clearly indicates that, although "the exceptions to reopening established in subsections (1) and (3)" of KRS 342.125 apply to all claims, any claim settled or decided prior to December 12, 1996, may not be reopened more than four years from the date of the award or order or four years from December 12, 1996, whichever is later. It is clear, therefore, that the legislature intended for the four-year limitation on reopening which is contained in KRS 342.125(8) to apply, retroactively, to claims which arose and were decided prior to December 12, 1996.

KRS 342.125(3) lists three situations in which a claim is exempt from the two-year and four-year time limitations which it places on reopening.[1] Included are disputes concerning medical expenses, fraud, and a reopening by an employer where the injured worker has been awarded benefits for total disability and has since returned to work. KRS 342.125(1) lists four "grounds" for reopening and does not refer to "exceptions," although fraud is included within both KRS 342.125(1) and KRS 342.125(3).[2] The "exceptions" are incorporated explicitly in the second sen-

---

1. Actually, KRS 342.125(3) imposes two, two-year waiting periods as well as a four-year limitation. It prohibits reopening within two years of the initial award or order and also prohibits the filing of a motion to reopen within two years of any previous motion to reopen by the same party.

2. We will refrain from addressing whether any of the "grounds" for reopening other than fraud may be considered "exceptions to reopening" because that question is not presently before the Court.

tence of KRS 342.125(8), making it apparent that they are intended to apply to the reopening of all claims, including those decided prior to December 12, 1996, and that they permit reopening at any time upon proof of the requisite facts. Although the words "exceptions to reopening established in subsections (1) and (3)" may also be read in such a manner as to include the time limitations contained in subsection (3), the legislative intent in that regard is not so clear.

The first sentence of KRS 342.125(8) indicates that "The time limitation prescribed in this section shall apply to all claims irrespective of when they were incurred, or when the award was entered, or the settlement approved." The Board determined that this language refers to the four-year limitation on reopening which KRS 342.125 imposes on all claims as of December 12, 1996, without regard to whether they arose before that date. The employer argues that KRS 342.125(3) effectively contains only one time limitation which applies to all claims, including those decided prior to December 12, 1996. The employer explains that KRS 342.125(3) creates a window during which claims may be reopened, rather than two, independent time limitations. It asserts that the window is the time limitation to which KRS 342.125(8) refers.

We note that the only explicit reference to KRS 342.125(3) which is contained in KRS 342.125(8) concerns the "exceptions to reopening" and that KRS 342.125(3) begins by listing three exceptions to the two-year waiting periods and the four-year time limitation that follow. The second sentence of KRS 342.125(8) creates an explicit exception to the "time limitation" for those claims decided prior to December 12, 1996. It limits the reopening of those claims to within four years of December 12, 1996, and imposes no waiting period on the reopening of those claims. In view of the fact that KRS 342.125(8) contains a time limitation which applies specifically to claims decided prior to December 12, 1996,

and the fact that KRS 342.125(8) refers only to the "exceptions" contained in KRS 342.125(3), we find no clear indication that the legislature intended for the two-year waiting periods which are contained in KRS 342.125(3) to apply retroactively to claims which arose and were decided before December 12, 1996.

Under the law in effect on the date of injury and on the date of claimant's award, a reopening was permitted "at any time" upon proof of one of the permissible grounds. As noted by the Board, parties who settled claims prior to December 12, 1996, and ALJs who decided claims before that date, had no opportunity to anticipate that a two-year waiting period might be imposed on the ability to reopen the resulting award and to provide accordingly. Keeping in mind that even remedial statutes should be given retroactive effect only to the extent that the intent of the legislature in that regard is clear, we are convinced that only the four-year limitation which is explicitly stated in KRS 342.125(8) should be applied retroactively to claims which arose and were decided prior to December 12, 1996.

We conclude, therefore, that the exceptions to reopening established in KRS 342.125(1) and (3) permit the reopening of any claim, at any time, upon proof of the requisite facts. The two-year waiting periods and the four-year limitation contained in KRS 342.125(3) govern the reopening of claims in which an award is entered on or after December 12, 1996. The four-year limitation contained in KRS 342.125(8) governs the reopening of claims decided prior to December 12, 1996.

The decision of the Court of Appeals is reversed, and the claim is remanded to the ALJ for further consideration of the motion to reopen.

All concur.