Rickie **BROOKS**, Appellant,

v.

**UNIVERSITY OF LOUISVILLE HOSPITAL; Robert L. Whittaker, Director of Special Fund; Thomas Lewis, Arbitrator; Donna H. Terry, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2000–SC–0248–WC.

Supreme Court of Kentucky.

Dec. 21, 2000.

**528**

Wayne C. Daub, Louisville, for Appellant.

Timothy P. O'Mara, Middleton & Reutlinger, Louisville, for Appellee University of Louisville Hospital.

Joel D. Zakem, John William Burrell, Labor Cabinet, Special Fund, Frankfort, for Appellee Whittaker.

## OPINION OF THE COURT

This workers' compensation appeal concerns whether the 1996 amendment to KRS 342.125 applies to an injury which arose before December 12, 1996, and whether the amendment to KRS 342.125(3) is unconstitutional as applied to the claimant's motion to reopen.

The claimant sustained a gradual injury to her left wrist and arm which became manifest on February 4, 1995, and she also developed a psychiatric condition. In November, 1996, she filed a workers' compensation claim in which she alleged that she was totally disabled. On August 26, 1997, she was awarded a 30% occupational disability, with a 10% disability being attributed to the physical injury and a 20% disability to the psychiatric condition. The award was affirmed by the Workers' Compensation Board (Board) on December 5, 1997.

On March 6, 1998, less than seven months after receiving her award, the claimant moved to reopen. She alleged that she had become totally disabled by a worsening of her physical and psychiatric conditions. The arbitrator determined that less than two years had passed since the award was entered and denied the motion pursuant to KRS 342.125(3) as effective December 12, 1996. Subsequently, the Administrative Law Judge (ALJ) who considered the matter determined that although the claimant had presented the necessary *prima facie* case, reopening was barred by KRS 342.125(3) until two years after the award.

In appealing to the Board, the claimant asserted that the amended version of KRS 342.125 did not control this claim and also that, if it did govern the claim, the statute was unconstitutional. The Board rejected the claimant's arguments, and its decision was affirmed by the Court of Appeals. The claimant appeals.

First, the claimant questions whether the 1996 amendment to KRS 342.125 applies to a claim which arose before its effective date. Her second argument is that the amendment which is at issue deprives her of a vested right and also that the amendment violates §§ 14, 54, 59(24), and 241 of the Kentucky Constitution. Pointing to the general rule in workers' compensation that a worker's rights are governed by the law in effect on the date of injury, she asserts that no two-year waiting period for reopening existed at that time. *Maggard v. International Harvester Co.*, Ky., 508 S.W.2d 777 (1974). When she was injured, she was entitled to increased income benefits from the date of a successful motion to reopen and was permitted to reopen upon proof of increased occupational disability.

The claimant explains that the amendment operates to prevent her from reopening and from receiving the increased income benefits to which she would otherwise be entitled until after the two-year period has expired. By imposing a two-year waiting period for reopening, the amendment effectively deprives her of the vested right to receive additional income benefits for the post-award increase in her occupational disability for the period from March 6, 1998, through August 26, 1999. She asserts that the provision imposes no two-year waiting period should her employer seek to reopen upon proof of a decrease in her occupational disability.

Thus, she concludes, the amendment treats workers and employers differently with regard to the right to reopen and, as a result, treats workers whose condition improves differently from workers whose condition deteriorates after the award.

At the time the claimant was injured, KRS 342.125(1) provided that an award could be reopened "at any time" and "upon the application of any party" upon the requisite showing. As amended effective December 12, 1996, KRS 342.125 provides, in pertinent part, as follows:

(1) Upon motion by any party or upon an arbitrator's or administrative law judge's own motion, an arbitrator or administrative law judge may reopen and review any award or order on any of the following grounds:

(a) Fraud;

(b) Newly-discovered evidence which could not have been discovered with the exercise of due diligence;

(c) Mistake; and

(d) Change of disability . . . .

. . . .

(3) Except for reopening solely for determination of the compensability of medical expenses, fraud, or conforming the award as set forth in KRS 342.730(1)(c)(2)., or for reducing a permanent total disability award when an employee returns to work, no claim shall be reopened more than four (4) years following the date of the original award or order granting or denying benefits, or within two (2) years of such award or order, and no party may file a motion to reopen within two (2) years of any previous motion to reopen by the same party.

. . . .

(8) The time limitation prescribed in this section shall apply to all claims irrespective of when they were incurred, or when the award was entered, or the settlement approved. However, claims decided prior to December 12, 1996, may be reopened within four (4) years of the award or order or within four (4) years

of December 12, 1996, whichever is later, provided that the exceptions to reopening established in subsections (1) and (3) of this section shall apply to these claims as well.

Our decision in *Meade v. Reedy Coal Co.*, Ky., 13 S.W.3d 619 (2000), was rendered shortly after the Court of Appeals rendered its decision in the instant case. *Meade v. Reedy Coal Co.*, concerned whether the two-year limitation contained in KRS 342.125(3) precluded the reopening of an award which was entered prior to December 12, 1996. The employer had argued that in view of the fact that KRS 342.125(8) referred to a "time limitation" which applied to all claims "irrespective of when they were incurred," KRS 342.125(3) effectively created a "window" during which awards could be reopened and that the window governed the reopening of all claims regardless of when they were incurred or decided.

We considered the amendments but were not persuaded that the legislature intended for the two-year waiting period and the four-year limitation contained in KRS 342.125(3) to apply retroactively to govern the reopening of awards which were entered before December 12, 1996. However, we did conclude that there was a clear legislative intent for the four-year limitation contained in KRS 342.125(8) to govern the reopening of such claims. We also concluded that KRS 342.125(3) was intended to govern the reopening of awards which were entered on or after December 12, 1996. We did not address the implications of applying the provision to the reopening of those claims which arose before December 12, 1996, but were decided on or after that date because the question was not before us. As in *Meade v. Reedy Coal Co.*, the claimant's injury occurred before December 12, 1996; however, here, the award was not entered until after December 12, 1996.

The two-year waiting period and the four-year limitation on reopening

which are contained in KRS 342.125(3) and which decreased the period during which an award could be reopened are both statutes of limitations. Such limitations on the time for taking action relate to the remedy and may be enlarged or restricted without impairing vested rights. *See Stone v. Thompson*, Ky., 460 S.W.2d 809, 810 (1970). An existing right of action cannot be extinguished by an amendment which shortens the period of limitations to a time that has already run or to a time that is unreasonably short. However, if the amendment leaves a reasonable time in which a claim may be asserted, it does not impair a vested right. *See Crawford v. V. & C. Coal Co.*, Ky., 432 S.W.2d 403 (1968). Likewise, an amendment which extends a period of limitations may not be applied to a claim in which the period of limitations has already run before the amendment's effective date but may be applied to a claim in which the period has not already run. *See Beth–Elkhorn v. Thomas*, Ky., 404 S.W.2d 16 (1966); *Kiser v. Bartley Mining Co.*, Ky., 397 S.W.2d 56 (1965).

■ KRS 342.730 provides a remedy for permanent occupational disability due to work-related injury in the form of income benefits. Income benefits are awarded based upon the amount of occupational disability which exists at the time the worker reaches maximum medical improvement following an injury. A final award of income benefits is enforceable as a final judgment of a court by operation of KRS 342.305. However, KRS 342.125 provides some relief from the principles of the finality of judgments by permitting the reopening and modification of an otherwise final workers' compensation award under certain specified conditions, one of which is a change of occupational disability which occurs after the award. In moving to reopen, the claimant alleged a post-award increase in occupational disability due to a worsening of her physical and psychiatric conditions.

■ It must be kept in mind that a reopening is the remedy for redressing specified situations which either occur or come to light after an award is entered. Here, the claimant sought a remedy for a change that is alleged to have occurred after her award was entered. The claimant's award was not entered until August 26, 1997, more than eight months after the amendments which are at issue became effective. Obviously the post-award physical and psychological changes which gave rise to the alleged increase in occupational disability did not occur until after August 26, 1997. Under those circumstances, the December 12, 1996, amendments did not deprive the claimant of a right which vested before their effective date, and no vested right was impaired by applying the amended version of KRS 342 .125(3) to the attempted reopening. Instead, any right which the claimant had to a remedy for a post-award increase of occupational disability was contained within the December 12, 1996, version of KRS 342.125. The claimant has failed to demonstrate how applying the amendment to redress a post-award change that occurred after the amendment's effective date violated § 4, 54, or 241 of the Kentucky Constitution.

■ The Kentucky Constitution § 59(24) prohibits special legislation with regard to the regulation of labor, trade, mining, or manufacturing. In *Kentucky Harlan Coal Co. v. Holmes*, Ky., 872 S.W.2d 446 (1994), we noted that the purpose of § 59(24) was to prevent special privileges, favoritism, and discrimination, and to insure equality under the law. A general law must apply equally to all in a class, and there must be distinctive and natural reasons inducing and supporting a class distinction. A statutory classification must be based upon some reasonable and substantial difference in kind, situation, or circumstance which bears a reasonable relationship to the purpose of the statute. There is a strong presumption which favors the constitutionality of statutes which involve economic matters. *Delta Air Lines, Inc. v. Commonwealth, Revenue Cabinet*, Ky., 689 S.W.2d 14 (1985);

*Brooks v. Island Creek Coal Co.*, Ky.App., 678 S.W.2d 791 (1984).

The claimant has asserted that the classes created by KRS 342.125(3) unfairly discriminate in favor of employers by permitting them to reopen within the two-year period if the employee's condition improves; whereas, workers who sustain a worsening of condition are precluded from doing so. However, contrary to what the claimant would have us believe, both instances in which an employer is permitted to reopen at any time require proof of a post-award increase in the worker's earnings. First, KRS 342.125(3) permits an employer to reopen the award within two years of its entry for the purpose of conforming the award as set forth in KRS 342.730(1)(c)2. This provision addresses instances where an injured worker returns to work at a wage which exceeds the preinjury wage. It limits the worker's income benefits during those weeks in which the employment is sustained. Second, KRS 342.125(3) permits an employer to reopen if the worker is awarded a total disability and then returns to work. Neither of those provisions applies to the instant case.

The claimant's motion to reopen was not premised on an assertion that her earnings had decreased since the award. In fact, the initial award indicated that she had not worked since October 23, 1996. The motion to reopen was premised on the grounds that a worsening of her physical and psychiatric conditions had resulted in increased occupational disability. KRS 342.125(3) permits neither a worker nor an employer to reopen within two years of an award upon an allegation that a change in the worker's medical condition has resulted in a change of occupational disability. We conclude, therefore, that the claimant has failed to demonstrate that KRS 342.125(3) violated the requirements of § 59(24) as it applied to her motion to reopen.

The decision of the Court of Appeals is affirmed.

All concur.