David McCOOL, Appellant,

v.

MARTIN NURSERY & LANDSCAPING, INC.; Special Fund; Sheila C. Lowther, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2000–SC–0604–WC.

Supreme Court of Kentucky.

April 26, 2001.

David R. Marshall, Lexington, for appellant.

James R. Carpenter, Gallion, Baker, & Bray, P.S.C., Lexington, for appellee Martin Nursery & Landscaping, Inc.

Joel D. Zakem, David W. Barr, Labor Cabinet—Special Fund, Frankfort, for appellee Special Fund.

## OPINION OF THE COURT

This workers' compensation appeal concerns a May, 1996, injury, the claim for which was settled in July, 1997. In September, 1998, the claimant alleged a change of condition and moved to reopen, but the motion was denied based upon the December 12, 1996, version of KRS 342.125(3) which prohibits reopening an original award within two years of its entry. The Workers' Compensation Board (Board) and the Court of Appeals have affirmed the denial. In appealing, the claimant maintains that applying the amended statute to a right of action which arose before its effective date impairs a vested property right and is unconstitutional.

The claimant asserts that he was entitled to rely upon the law as it existed on the date of his injury, including the provisions for reopening an award. He explains that at the time of his injury, KRS 342.125 permitted reopening at any time upon an allegation of a change of occupational disability. In contrast, the amended version of KRS 342.125 precludes a reopening within two years of an award and, therefore, deprives him of compensation to which he would have otherwise been entitled.

In support of his position, the claimant relies upon Article I, § 10 of the United States Constitution and §§ 13, 19, and 242 of the Kentucky Constitution for the principles that the legislature cannot impair the obligations of contract or take property without just compensation. He explains that applying the amended provision to a claim that arose before its effective date impairs a vested property right and deprives him of a right which existed by virtue of his contract of employment and the Workers' Compensation Act.

The Board and the Court of Appeals relied upon *Meade v. Reedy Coal Co.*, Ky., 13 S.W.3d 619, 622 (2000), wherein we determined that the time limitations contained in KRS 342.125(3) were intended to govern the reopening of all awards which were entered on or after December 12, 1996. Because *Meade's* award had been entered before December 12, 1996, we concluded that the legislature did not intend for the amended provision to apply.

Subsequently, in *Brooks v. University of Louisville Hospital*, Ky., 33 S.W.3d 526 (2000), we were faced with a challenge to KRS 342 .125(3) by a worker who was injured before December 12, 1996; received a post-December 12, 1996, award; and sought to reopen her award within two years of its entry by alleging a change of condition. As in the instant case, the motion to reopen was denied, and the worker challenged the constitutionality of the amendment, asserting that it impaired a vested right. We rejected the argument, pointing out that the time limitations within KRS 342.125(3) were statutes of limitation which could be enlarged or restricted without impairing vested rights. *Id.* at 530. We also pointed out that because the award was entered after December 12, 1996, and the change for which reopening

was sought had occurred after that date, the worker's right to be compensated for the change did not vest until after the effective date of the amendment. We concluded, therefore, that applying the amendment on those facts did not violate § 4, 54, or 241 of the Kentucky Constitution. We also determined that because the amendment prevented both workers and employers from reopening within two years of an award in instances where the basis for reopening was a change of condition, it also did not violate § 59(24) when applied to such a reopening.

■ In the instant case, the claimant raises different constitutional provisions, but his argument is based upon the same erroneous premise. Like the worker in Brooks, he asserts that applying the amendment to the reopening of his post-December 12, 1996, award would impair a vested right because the underlying injury occurred before that date. Although it is true that when the claimant was injured reopening was permitted at any time upon evidence of increased occupational disability, the fact remains that reopening is a remedy for an increase in disability that occurs after an award is entered. Any right that a worker has to be compensated for a post-award increase in disability is inchoate until such time as he sustains a post-award change of occupational disability, at which point the right becomes vested. The claimant's award was entered after December 12, 1996, and what he sought to redress was an increase in occupational disability that occurred after December 12, 1996. Because the alleged increase in disability occurred after the effective date of the amendment, applying the amendment and dismissing the motion to reopen did not affect a right that vested before the amendment's effective date.

The decision of the Court of Appeals is affirmed.

All concur.