**BARDSTOWN BARRELS, Appellant,**

v.

**Dario Navarro LOPEZ; John Earl Hunt, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2001–CA–000438–WC.

Court of Appeals of Kentucky.

Oct. 26, 2001.

Michael P. Neal, Louisville, KY, for Appellant.

Ben T. Haydon, Jr., Bardstown, KY, for Appellee, Dario Navarro Lopez.

Before GUDGEL, Chief Judge, BUCKINGHAM and McANULTY, Judges.

*OPINION*

BUCKINGHAM, Judge:

Bardstown Barrels petitions for review of an opinion by the Workers' Compensation Board (Board) which reversed and remanded a decision by an administrative law judge (ALJ) holding that a motion to reopen by Dario Navarro Lopez was

barred by the provisions of KRS[1] 342.125(3). The sole issue for our review is whether the December 12, 1996, amendments to KRS 342.125 or the July 14, 2000, amendments to that statute were applicable to Lopez's motion. We agree with the Board that the 2000 amendments were applicable. Thus, we affirm.

Lopez, an employee of Bardstown Barrels, suffered a work-related low back injury on March 20, 1997. On August 14, 1998, an ALJ awarded Lopez temporary total disability (TTD) and medical benefits but determined that Lopez was not entitled to an award for any permanent disability. Lopez moved to reopen his claim on May 30, 2000. On July 26, 2000, an ALJ overruled the motion to reopen. In an order denying Lopez's petition for reconsideration, the ALJ held that the motion was contrary to KRS 342.125(3). On appeal, the Board reversed the ALJ and held that the motion was not barred by KRS 342.125(3) in light of the 2000 amendments to that statute. The Board thus remanded the matter to the ALJ to address the merits of Lopez's motion to reopen. This petition for review by Bardstown Barrels followed.

KRS 342.125(3) was amended effective December 12, 1996, to provide that claims may not be reopened more than four years following the date of an award or order granting or denying benefits, or within two years of such award or order. In other words, the statute provided a two-year window within which to file a motion to reopen. KRS 342.125(3), as amended effective December 12, 1996, specifically provided as follows:

Except for reopening solely for determination of the compensability of medical expenses, fraud, or conforming the award as set forth in KRS 342.730(1)(c)2., or for reducing a permanent total disability award when an employee returns to work, no claim shall be reopened more than four (4) years following the date of the original award or order granting or denying benefits, or within two (2) years of such award or order, and no party may file a motion to reopen within two (2) years of any previous motion to reopen by the same party.

KRS 342.125(3) was again amended effective July 14, 2000. The amendment provided that a claim may not be reopened more than four years after the date of the original award or order granting or denying benefits. The amended statute made no mention of any two-year waiting period or other waiting period before which a motion to reopen could be filed. In other words, there was no window of opportunity for filing a motion to reopen, but there was only a four-year statute of limitation in which to file such a motion. KRS 342.125(3), as amended effective July 14, 2000, specifically provided as follows:

Except for reopening solely for determination of the compensability of medical expenses, fraud, or conforming the award as set forth in KRS 342.730(1)(c)2., or for reducing a permanent total disability award when an employee returns to work, or seeking temporary total disability benefits during the period of an award, no claim shall be reopened more than four (4) years following the date of the original award or order granting or denying benefits, and no party may file a motion to reopen within one (1) year of any previous motion to reopen by the same party.

KRS 342.125(8) also has significance to this case. That statute was not amended again on July 14, 2000, and it read exactly the same following the 1996 amendments

---

1. Kentucky Revised Statutes.

and the 2000 amendments. The statute reads as follows:

> The time limitation prescribed in this section shall apply to all claims irrespective of when they were incurred, or when the award was entered, or the settlement approved. However, claims decided prior to December 12, 1996, may be reopened within four (4) years of the award or order or within four (4) years of December 12, 1996, whichever is later, provided that the exceptions to reopening established in subsections (1) and (3) of this section shall apply to these claims as well.

KRS 342.125(8).

As we noted in setting forth the facts of this case, Lopez's motion to reopen was filed within two years of the ALJ's award. Therefore, if the December 1996 amendments were applicable, then the ALJ properly denied the motion because it was not filed within the two-year window for filing such motions. However, if the July 2000 amendments are applicable, then the Board was correct in reversing the ALJ since there was no applicable waiting period before which a motion to reopen could be filed.

Recent cases from the Kentucky Supreme Court address somewhat similar situations. *Meade v. Reedy Coal Co.*, Ky., 13 S.W.3d 619 (2000), is one of those. In *Meade,* the claimant was injured prior to the effectiveness of the December 1996 amendments. He also received an award from an ALJ prior to the amendments' effective date. The claimant moved to reopen the award after the effective date of the December 1996 amendments. The claimant argued that his motion to reopen was proper under the pre-December 1996 statute because he received his award prior to that time. The employer asserted that the reopening was prohibited by the December 1996 amendments because less than two years had passed since the award was entered.

In its opinion siding with the claimant's position, the court held that the four-year limitation found in KRS 342.125(8) governed the reopening of claims in which the award had been entered prior to the December 1996 amendments. *Id.* at 622. The court further held that the two-year waiting period and four-year limitation contained in KRS 342.125(3) governed the reopening of claims in which the award was entered after the effective date of the December 1996 amendments. *Id.* In other words, the court held that the two-year waiting period provided in the December 1996 amendments to KRS 342.125(3) did not apply in cases where the award was entered prior to the effective date of the amendments. *Id.*

In *Brooks v. University of Louisville Hosp.*, Ky., 33 S.W.3d 526 (2000), the Kentucky Supreme Court was faced with slightly different circumstances. In *Brooks,* the claimant was injured in February 1995, prior to the December 1996 amendments. However, benefits were awarded in August 1997, after the effective date of the December 1996 amendments. Citing its decision in the *Meade* case, the court concluded that the December 1996 amendments were applicable because the award occurred after that date, even though the injury occurred prior to the date of the amendments' effective date. *Id.* at 529. *See also McCool v. Martin Nursery & Landscaping Inc.*, Ky., 43 S.W.3d 256 (2001).

In the case *sub judice,* Lopez's motion to reopen presents yet a different set of circumstances. Lopez received his award prior to the effective date of the July 2000 amendments, but the ALJ ruled on his motion to reopen after the amendments' effective date. We must determine whether the motion was barred by the statute's

two-year waiting period provision under the December 1996 amendments or was proper under the July 2000 amendments which did not contain a waiting period provision.

Bardstown Barrels urges us to follow the *Meade* and *Brooks* cases and hold that the law in effect at the time the award was entered is applicable. Under that argument, the December 1996 amendment to the statute, which requires a two-year waiting period to file a motion to reopen, would be applicable and would bar Lopez's motion to reopen. Lopez urges us to follow the first sentence in KRS 342.125(8) which states that "[t]he time limitation prescribed in this section shall apply to all claims irrespective of when they were incurred, or when the award was entered, or the settlement approved."

We agree with the Board's conclusions and its analysis of the issue. The Board held as follows:

Bardstown Barrels argues that the Kentucky Supreme Court's case of *Meade v. Reedy Coal,* Ky., 13 S.W.3d 619 (2000), is controlling. It points out that the Supreme Court stated in *Meade* that in cases where a claim is decided after December 12, 1996, the two-year waiting period in KRS 342.125(3) applies. The court also stated that there was no clear indication that the legislature intended for the two-year waiting period to apply retrospectively. Bardstown Barrels reasons that since the language of KRS 342.0015 and KRS 342.125(8) is virtually unchanged in the 2000 Act, the legislature has again not given a clear indication that the removal of the two-year waiting period in the 2000 amendments to KRS 342.125(3) is to be applied retrospectively. We do not agree.

. . . .

In *Meade, supra,* the court's decision relied on the language of the second sentence of KRS 342.125(8). The court noted that this language applies specifically to claims decided prior to December 12, 1996. The only mention of KRS 342.125(3) is the mention of "exceptions to reopening" in this sentence. The court held that the two-year waiting period may not be considered an "exception to reopening." The court held that the more specific language of the second sentence should apply rather than the more general language of the first sentence. Since there is no clear expression of the legislature's intent to have the two-year waiting period apply to pre-December 12, 1996 claims found in that sentence, the court held that the waiting period could not be applied retrospectively, whether or not it is considered remedial. (Footnote omitted.)

KRS 446.080(3) states that "no statute shall be construed to be retroactive, unless expressly so declared." The employer has correctly pointed out KRS 342.125(8) and KRS 342.0015 are essentially unchanged following the 2000 amendments. The language that the Supreme Court relied on in *Meade v. Reedy Coal, supra,* still applies explicitly to claims that arose prior to December 12, 1996. Since we are not concerned with a pre-December 12, 1996 claim in this appeal, we believe that *Meade* is inapposite.

The first sentence in KRS 342.125(8) clearly applies to all claims arising after December 12, 1996. Furthermore, there is no language in KRS 342.125 that expressly applies only to claims arising before July 14, 2000. The first sentence in KRS 342.125(3) is a clear expression by the legislature that the "time limitation" prescribed in KRS 342.125 is to be applied to all claims, irrespective of when the claim arose. . . .

Since the language of KRS 342.125(8) expressly states the legislature's intention that KRS 342.125(3) should apply to all claims decided after December 12, 1996 and there is no contrary indication in the Act, the 2000 amendments would be applicable to the instant claim, whether or not the statute is considered remedial. KRS 446.080(3).

The opinion of the Board is affirmed.

ALL CONCUR.