WOODLAND HILLS MINING, INC., Appellant,

v.

Fon McCOY, Jr.; Hon. Donna H. Terry, Administrative Law Judge; Special Fund; and Workers' Compensation Board, Appellees.

No. 2002–SC–0540–WC.

Supreme Court of Kentucky.

May 22, 2003.

W. Barry Lewis, Lewis and Lewis Law Offices, Hazard, for Appellant.

Thomas W. Moak, Stumbo, Moak & Nunnery, P.S.C., Prestonsburg, Counsel for Appellee, Fon McCoy.

Barbara Sutton, Labor Cabinet—Special Fund, Frankfort, for Appellee, Special Fund.

**OPINION OF THE COURT**

Having failed to convince an Administrative Law Judge (ALJ), the Workers' Compensation Board (Board), or the Court of Appeals, an employer continues to maintain that the December 12, 1996, version of KRS 342.125(1) is remedial and must be applied to the reopening of a claim that arose and was decided before the amendment's effective date. Noting that the motion to reopen was filed after December 12, 1996, the employer asserts that reopening was sought to redress an increase in disability that occurred after that date. In another argument, the employer maintains

that there was no substantial evidence of increased disability. We affirm.

The claimant was born in 1951, had a tenth-grade education, and had no vocational or specialized training. He performed a number of jobs in the coal industry, including foreman. He testified that the work required him to lift up to 100 pounds; to bend, stoop, and stand up to six hours per day; and to be mentally alert at all times. In October, 1994, he injured his left arm/shoulder, right leg, and lower back while working as a foreman for the defendant-employer. His claim alleged both physical and psychiatric injuries, and he maintained that he was totally disabled. In an award that was rendered on September 27, 1996, the ALJ determined that although the claimant's psychiatric condition was work-related, caused a permanent impairment, and warranted medical treatment, it was not presently disabling. Relying on Dr. Goodman, who testified for the employer, assigned a 2–3% impairment due to the duration of the claimant's complaints, and limited the claimant to lifting no more than 75 pounds, the ALJ awarded a 25% occupational disability for the physical injuries.

On September 12, 2000, the claimant moved to reopen, alleging a worsening of both his physical and psychiatric conditions. He testified that he was physically inactive due to increased pain that caused him to use a TENS unit constantly and apply heat four or five times daily. For the past two years, he had used a cane for steadiness while walking. Furthermore, he testified that his nervous condition had worsened and that he experienced more severe and frequent nightmares. Dr. Forester's attempts to alleviate his symptoms with various medications had been unsuccessful.

Medical records documented ongoing treatment for complaints of increased back pain that radiated into both legs, marked lumbosacral tenderness, and limited range of motion, and Dr. Patel testified to a worsening of the claimant's condition since the award. Dr. Patel restricted him from bending, stooping, and lifting more than 10 pounds and thought that he was totally disabled. Dr. Forester began treating the claimant's psychiatric problems after his initial psychiatrist died. He diagnosed major depression and generalized anxiety disorder. Although his notes did not specifically address the extent of any impairment or change in condition since the award, they did reveal ongoing psychotherapy for multiple symptoms arising from the injury, including depression, irritability, poor concentration, and feelings of worthlessness. Furthermore, he prescribed various medications in an attempt to alleviate increasingly severe symptoms.

Drs. Goodman and Sheridan found no evidence of a change in impairment. Although Dr. Sheridan assigned no restrictions, Dr. Goodman limited the claimant from lifting more than 60 pounds, 15 pounds less than he had at the time of the initial claim. Dr. Shraberg testified that the claimant's psychiatric symptoms were fictitious and assigned a 0% impairment.

The reopening was considered by the same ALJ who rendered the initial award. Thus, the ALJ had the opportunity to observe the claimant at both relevant points in time and concluded that his current allegations were credible. Although persuaded by Dr. Patel's opinion that the claimant's pain level had increased significantly since the award, the ALJ noted that the most striking change was in his psychiatric condition. Noting that the claimant had undergone continuous therapy and that the treatment records revealed symptoms of depression and anxiety that were severe enough to interfere with his personal relationships and prevent him from functioning in the workplace, the ALJ con-

cluded that he would not be able to return to work, even in a job that accommodated his physical restrictions. Although rejecting the employer's assertion that the 1996 version of KRS 342.125 governed the reopening, the ALJ determined that the claimant had shown a change of disability as demonstrated by objective medical evidence from Drs. Patel and Forester of a change of impairment and disability. The employer appealed concerning the ALJ's refusal to apply the 1996 reopening statute and the sufficiency of the evidence of increased disability, but the award was affirmed by the Board, and the Board's decision was affirmed by the Court of Appeals.

 As a general rule, the law in effect on the date of injury controls the rights and obligations of the parties. *See Maggard v. International Harvester Co.,* Ky., 508 S.W.2d 777 (1974). Effective December 12, 1996, KRS 342.125(1) was amended to change the relevant ground for reopening from "a change in occupational disability" to "a change of disability as shown by objective medical evidence of worsening or improvement of impairment. . . ." Contrary to the employer's assertion, we are not persuaded that the amendment was remedial. It changed the standard for reopening and, unlike the amendment that was at issue in *Peabody Coal Co. v. Gossett,* Ky., 819 S.W.2d 33 (1991), its purpose was not to correct an inconsistency in the prior law by aligning the standard for reopening with the existing standard for an initial award. In 1996, the standard for both an initial award and a reopening were changed, and the amendments simply incorporated the same standard for both.

Unlike the situation in *McCool v. Martin Nursery & Landscaping, Inc.,* Ky., 43 S.W.3d 256 (2001), and *Brooks v. University of Louisville Hospital,* Ky., 33 S.W.3d 526 (2000), this appeal does not concern a statute of limitations, which may be enlarged or restricted without impairing vested rights. Furthermore, unlike the situation in *McCool* and *Brooks,* this claim both arose and was decided before December 12, 1996. Under those circumstances, we are persuaded that the requirements for reopening that existed on the date of injury controlled the rights and obligations of the parties even though the claimant's motion to reopen was filed after December 12, 1996.

 The burden was on the claimant to show that his occupational disability increased between the date of the award and the date of his motion to reopen. Because he succeeded in persuading the ALJ that he had become totally disabled by his conditions at reopening, his burden on appeal was to show that the decision was reasonable under the evidence. *Special Fund v. Francis,* Ky., 708 S.W.2d 641, 643 (1986).

Although the claimant may have overstated his case by maintaining that he was unable to work when the initial claim was considered, the fact remains that the ALJ was free to believe that his disability at that time was only 25% and equally free to believe that his disability had become total at reopening. The increase in physical restrictions and in psychiatric symptoms, including problems with interpersonal relationships, irritability, persistent depression, and feelings of worthlessness, provided adequate support for the conclusion that the physical and psychiatric conditions had worsened since the initial award, that they had become more disabling, and that the claimant was totally disabled at reopening.

The decision of the Court of Appeals is affirmed.

All concur.