**Bill R. NYGAARD, Appellant,**

v.

**GOODIN BROTHERS, INC; Wausau Insurance Company; Hon. Irene Steen, Administrative Law Judge; Division of Workers' Compensation Funds, Successor to Special Fund; and Workers' Compensation Board, Appellees.**

**No. 2002–SC–0673–WC.**

Supreme Court of Kentucky.

June 12, 2003.

191

Rodger W. Lofton, Paducah, Counsel for Appellant.

Daniel S. Stratemeyer, Boehl, Stopher & Graves, Paducah, Counsel for Appellees, Goodin Brothers, Inc. and Wausau Insurance Company.

David Barr, Division of Workers' Compensation Funds, Frankfort, Counsel for Appellee, Division of Workers' Compensation Fund, Successor to Special Fund.

## OPINION OF THE COURT

This appeal by a workers' compensation claimant asserts that the December 12, 1996, version of KRS 342.125(8) is unconstitutional under *Saylor v. Hall,* Ky., 497 S.W.2d 218 (1973), because by limiting the time for reopening an award that was entered before its effective date, it can serve to extinguish a worker's right to reopen before it becomes vested.

The claimant was injured in 1990. He settled the claim in 1994 for a 72% occupational disability, and the agreement was approved by an ALJ. On August 13, 2001, he moved to reopen, alleging that a worsening of his physical condition forced him to close his used car lot on December 31, 2000, at which point he became totally disabled. The motion was dismissed, however, on the ground that it was not filed before December 12, 2000. KRS 342.125(8). Affirming a decision by the Workers' Compensation Board, the Court of Appeals determined that the provision is constitutional. We affirm.

Several aspects of the 1996 amendments to KRS 342.125 have been the subject of previous appeals to this Court. In *Meade v. Reedy Coal Co.,* Ky., 13 S.W.3d 619 (2000), the injuries that gave rise to the underlying claim occurred before December 12, 1996, and an award was entered before that date. At the time of the award, KRS 342.125 permitted reopening "at any time" upon the requisite showing. Effective December 12, 1996, KRS 342.125(3) and (8) were amended to pro-

hibit the reopening of an award within two years of its entry (or of the party's previous motion to reopen), to limit the period of reopening to within four years of the original award, and to limit the period for reopening previously-decided claims to within four years of December 12, 1996. The appeal concerned whether Mr. Meade was entitled to reopen his pre-December 12, 1996, award within two years of its entry.

In resolving the various arguments that were presented, the Court determined that the December 12, 1996, version of KRS 342.125(8) expressed a clear legislative intent to limit the reopening of a pre-December 12, 1996, award to within four years of December 12, 1996, but did not reveal an intent for the two-year waiting period to govern the reopening of such awards. For that reason, the Court determined that because Meade's award was the product of a pre-December 12, 1996, settlement, the two-year waiting period did not apply. The award could be reopened upon the requisite proof at any time within four years of December 12, 1996.

In *Brooks v. University of Louisville Hospital,* Ky., 33 S.W.3d 526 (2000), we determined, however, that where an award for a pre-December 12, 1996, injury was entered after December 12, 1996, the two-year waiting period did apply. We determined that the provision did not violate Section 4, 54, or 241 of the Kentucky Constitution and, furthermore, because neither a worker nor an employer was permitted to reopen an award within two years upon an allegation of a change in disability, we concluded that it did not violate Section 59(24). Subsequently, in *McCool v. Martin Nursery & Landscaping,* Ky., 43 S.W.3d 256 (2001), we rejected an argument that applying the provision to a pre-December 12, 1996, award violated Article 1, Section 10 of the United States Consti-

tution or Sections 13, 19, and 242 of the Kentucky Constitution by depriving the worker of a vested property right. Our rationale for the decisions was that the right to be compensated for a post-award increase in disability was inchoate until such time as the increase occurred. Where the increase occurred after December 12, 1996, the right to be compensated did not vest until after that date and, therefore, no vested right was affected by applying the two-year waiting period to the award.

As a general rule, the courts have held that the law in effect on the date of injury controls the rights and obligations of the parties. *See Maggard v. International Harvester Co.,* Ky., 508 S.W.2d 777 (1974). But unlike the provisions concerning the grounds for reopening that are found in KRS 342.125(1), the four-year limitation on reopening that is found in KRS 342.125(8) is a statute of limitation. *See Woodland Hills Mining, Inc. v. McCoy,* 105 S.W.3d 446 (Ky. 2003). More accurately, KRS 342.125(8) is both a statute of limitation and repose because, by limiting the time for taking action, it may extinguish a cause of action before it arises. In enacting a statute of repose, the legislature may not abolish or diminish the legal remedies for common-law causes of action for personal injuries or death that existed prior to the adoption of the 1891 Kentucky Constitution. *Saylor v. Hall, supra.* But no such constraint exists with regard to a statutory cause of action such as workers' compensation. *Wright v. Oberle–Jordre Co., Inc.,* Ky., 910 S.W.2d 241 (1995). In fact, the very right to reopen what amounts to a final judgment by virtue of a post-judgment change of condition is a peculiarity of Chapter 342.

Here, the claimant's injury and award both occurred before December 12, 1996. The December 12, 1996 amendment to

KRS 342.125(8) limited the reopening of such an award to within four years of the amendment's effective date. Thus, the period for reopening the claimant's award expired on December 12, 2000. For that reason, his motion to reopen was properly dismissed on the ground that it was filed after December 12, 2000.

The decision of the Court of Appeals is affirmed.

All concur.