# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D),  THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE  ACTION.

RENDERED: AUGUST 24, 2023
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0381-WC

YAMAMOTO FB ENGINEERING, INC.                         APPELLANT

V.                      ON APPEAL FROM COURT OF APPEALS
CASE NO. 2020-CA-1202
WORKERS' COMPENSATION NO. 2012-WC-96799

KACIE ELROD, AS THE PERSONAL                 APPELLEES
REPRESENTATIVE OF THE ESTATE
OF KIMBERLY ALLEN; HONORABLE
DOUGLAS W. GOTT, CHIEF
ADMINISTRATIVE LAW JUDGE; AND
WORKERS COMPENSATION BOARD

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING IN PART, REVERSING IN PART, AND REMANDING</u>**

This appeal requires us to consider which of three versions of KRS

342.730(4) governs a surviving spouse's request for continuation of workers'

compensation benefits: 1) a 1994 version no longer in effect at the time of

injury and award; 2) a 1996 version in effect at the time of injury and award

but later declared unconstitutional; or 3) the current 2018 version applied

retroactively. We begin with a brief history of the relevant statutory provisions.

Prior to 1994, an employee received workers' compensation benefits for

life for a permanent total disability and for 425 weeks for a permanent partial

disability. In 1994 the General Assembly added KRS 342.730(4) to the

workers' compensation statutes to provide a tier-down structure reducing an employee's benefits by ten percent per year from the time the employee reached the age of 65 until age 70. In 1996 the General Assembly amended KRS 342.730(4) to eliminate the tier-down structure and replace it with a requirement that employee workers' compensation benefits terminate as of the date the employee qualifies for old-age Social Security retirement benefits.

In 2017, we held in *Parker v. Webster County Coal, LLC (Dotiki Mine)*, 529 S.W.3d 759, that this 1996 amendment violated constitutional equal protection provisions because "it treat[ed] injured older workers who qualify for normal old-age Social Security retirement benefits differently than it treat[ed] injured older workers who do not qualify," such as teachers. *Id.* at 768. Accordingly, in 2018 the General Assembly enacted the current version of KRS 342.730(4) which provides that an employee's workers' compensation benefits terminate as of the date the employee reaches the age of 70.[1]

All three versions of the statute contain provisions allowing a surviving spouse to receive a continuation of benefits after the employee's death. Under the 1994 version of KRS 342.730(4), the surviving spouse's entitlement to benefits was subject to the tier-down structure. Under the 1996 version, the surviving spouse's benefits terminated when he or she qualified for Social Security surviving spouse benefits. *Morsey, Inc. v. Frazier*, 245 S.W.3d 757, 762 (Ky. 2008). Under the current version, the surviving spouse receives

---

[1] Though not relevant here, the statute also provides that benefits will terminate four years after the employee's injury or last exposure if that date occurs after the employee reaches the age of 70.

2

benefits until the employee would have reached 70 years of age had he or she lived. With this statutory background and history in mind, we now proceed to the particular facts of this appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

Anthony Allen (Anthony) filed a workers' compensation claim for an injury that occurred on January 25, 2012 while he was employed by Appellant Yamamoto FB Engineering, Inc. (Yamamoto). Anthony and Yamamoto reached a settlement which the Administrative Law Judge (ALJ) approved on December 16, 2013. Under the settlement Anthony was to receive benefits at the rate of $475.00 per week until age 67 when he would qualify for Social Security retirement benefits, a total of 937 weeks. The settlement addresses surviving spouse benefits by stating such payments "shall be governed and affected by KRS 342.730(3)" in the event Anthony does not live until the age of 67. In all three versions of the statute, KRS 342.730(3) provides for surviving spouse benefits "[s]ubject to the limitations contained in" KRS 342.730(4).

Anthony died of causes unrelated to his workplace injury on March 9, 2020 at the age of 56. His widow Kimberly Allen (Kimberly), then age 58, filed a Form 11 shortly thereafter requesting to be substituted as a party and to receive a continuation of Anthony's benefits. On May 22, 2020 the Chief ALJ issued an order substituting Kimberly as a party plaintiff and directing that 100% of Anthony's weekly benefits be paid to her for the remainder of the 937 weeks Anthony would have been entitled to payments.

3

Yamamoto appealed to the Workers' Compensation Board (Board). The Board vacated the Chief ALJ's order requiring payment of 100% of Anthony's benefits to Kimberly because KRS 342.730(3)(a) mandates a surviving spouse receive 50% rather than 100% of the employee's benefit. However the Board rejected Yamamoto's argument that the Chief ALJ should have applied the 1996 version of KRS 342.730(4) in effect on the date of Anthony's injury to terminate Kimberly's payments when she reached age 60 and became eligible for Social Security benefits. The Board reasoned that because this Court ruled in *Parker* that the 1996 amendment of KRS 342.730(4) was unconstitutional, that version of the statute could not control the timeframe for Kimberly's benefits. The Board concluded that the Chief ALJ therefore correctly applied the current version of KRS 342.730(4) to Kimberly's benefits.

Yamamoto appealed to the Court of Appeals, which agreed with the Board that Kimberly's award should be reduced from 100% to 50% of Anthony's benefits. However, the Court of Appeals reversed the Board as to the time period for which Kimberly could receive those payments. The Court of Appeals agreed with the Board that the unconstitutional 1996 version of KRS 342.730(4) could not govern. However, the Court of Appeals also concluded the current version of KRS 342.730(4) does not apply retroactively to Kimberly's request for surviving spouse benefits. Thus, the Court of Appeals concluded that because the 1996 version of KRS 342.730(4) was unconstitutional and because the current version does not retroactively apply to Kimberly's claim,

4

the 1994 version's tier-down structure governs Kimberly's surviving spouse benefits. Yamamoto appealed.[2]

### ANALYSIS

I. **Kimberly is entitled to only 50% of the benefit rate paid to Anthony.**

As an initial matter, we note Kimberly presents no argument that the Court of Appeals erred in concluding she may receive only 50% of the original benefit rate awarded to Anthony rather than 100% as awarded by the Chief ALJ. At all relevant times KRS 342.730(3)(a) has explicitly provided that a surviving spouse be paid "benefits at fifty percent (50%) of the rate specified in the award." We therefore agree with the Court of Appeals that Kimberly is only entitled to payments at 50% rather than 100% of the rate paid to Anthony.

II. **The current version of KRS 342.730(4) applies retroactively to Kimberly's claim for surviving spouse benefits.**

Yamamoto contends the Chief ALJ should have applied the 1996 version rather than the current version of KRS 342.730(4) to Kimberly's claim because 1) our decision in *Parker* finding the 1996 version unconstitutional does not apply retroactively, 2) the law in effect on the date of injury controls, 3) the settlement agreement is binding on Kimberly, and 4) applying the current version of the statute would impermissibly expand Yamamoto's obligations. Though we agree *Parker* does not apply retroactively, we nonetheless conclude

---

[2] Kimberly died at age 60 while this matter was pending before the Court of Appeals. The Court of Appeals granted a motion by Kacie Elrod, Kimberly's daughter and administrator of her estate, to substitute Elrod as Appellee. However, in the interest of continuity and ease of reading, we will continue to refer to Appellee as "Kimberly."

the current version of KRS 342.730(4) applies retroactively to govern Kimberly's claim.

As noted above, we held in *Parker* that the 1996 version of KRS 342.730(4) "violates the right to equal protection and is constitutionally infirm." 529 S.W.3d at 770. Yamamoto argues however that because *Parker* was a decision finding a statute unconstitutional, it does not apply retroactively to bar application of that statute to Kimberly's claim. We agree at least with Yamamoto's contention that *Parker* does not have retroactive effect. Our decisions finding statutes unconstitutional generally do not apply retroactively to other cases:

> [T]here should be no retroactive application of a new decision . . . unless the issue was preserved and, if necessary, constitutional issues properly raised during the pendency of the case. To allow unrestricted retroactive application of new decisions holding statutes unconstitutional would virtually prevent finality of litigation and leave all judgments subject to later attack in the event the statutory basis was overturned.

*Burns v. Level*, 957 S.W.2d 218, 222 (Ky. 1997), *abrogated on other grounds by Nami Res. Co. v. Asher Land & Min., Ltd.*, 554 S.W.3d 323 (Ky. 2018) (citations omitted). Here, there is no evidence any party raised a constitutional challenge to the 1996 version of KRS 342.730(4) in the proceedings below. We thus have little trouble concluding that *Parker*, in and of itself, does not apply retroactively to bar application of the 1996 version of KRS 342.730(4) to Kimberly's request for surviving spouse benefits.

However, the issue of whether *Parker* applies retroactively is separate and distinct from the question of whether *the current version of KRS 342.730(4)*

6

applies retroactively.  Under KRS 446.080(3), "[n]o statute shall be construed to be retroactive, unless expressly so declared."  We have thus long "declared that there is a strong presumption that statutes operate prospectively and that retroactive application of statutes will be approved only if it is absolutely certain the legislature intended such a result."  *Commonwealth Dep't of Agric. v. Vinson*, 30 S.W.3d 162, 168 (Ky. 2000).  That said, we will nonetheless apply a statute retroactively if the legislature "expressly manifest[s] its desire that [it] apply retroactively."  *Baker v. Fletcher*, 204 S.W.3d 589, 597 (Ky. 2006).

We need look no further than our recent decision in *Holcim v. Swinford*, 581 S.W.3d 37 (Ky. 2019), to determine that the current version of KRS 342.730(4) applies retroactively to Kimberly's claim.  In *Holcim*, we found the General Assembly explicitly indicated its intent for the current version of the statute to apply retroactively.  581 S.W.3d at 43.  Indeed, we noted the General Assembly has expressly stated that KRS 342.730(4)

> "shall apply prospectively and retroactively to all claims: (a) For which the date of injury or date of last exposure occurred on or after December 12, 1996; and (b) That have not been fully and finally adjudicated, or are in the appellate process, or for which time to file an appeal has not lapsed, as of the effective date of this Act."

*Id.* (quoting 2018 Ky. Acts p. 83).

Admittedly, the claimant in *Holcim* easily fell within the retroactivity requirements set forth by the General Assembly for KRS 342.730(4) because he was an employee who had an unresolved workers' compensation claim pending when the current version of KRS 342.730(4) became effective on July 14, 2018.  *Id.* at 38-39.  This contrasts somewhat with the present case in which Kimberly

7

is a surviving spouse seeking a continuation of benefits awarded to a worker before July 14, 2018. Nonetheless, we conclude Kimberly's request for surviving spouse benefits also falls within the class of "claims" entitled to retroactive application of the current version of KRS 342.730(4). As a result of the ongoing nature of Kimberly's claim, it had not been fully adjudicated as of the effective date of the statute.

Though the workers' compensation statutes do not define "claim," the Department of Workers' Claims regulations define "claim" as "any claims including injury, hearing loss, or occupational disease." 803 KAR 25:010 § 1(5). Implicit in this definition is that "claim" includes claims *other than* an employee's own claims. In addition, a surviving spouse procedurally seeks continuation benefits by requesting leave to be substituted as a party plaintiff, further indicating the surviving spouse thus pursues a "claim." Construing a surviving spouse's request for continuation benefit payments as a "claim" is also consistent with the general understanding of the word "claim." *See Claim,* BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "claim" to include "[a] demand for money, property, or a legal remedy to which one asserts a right" or "the means by which a person can obtain . . . enjoyment of a right or thing."). Finally, we have previously referred to a surviving spouse seeking continuation benefits as a "claimant." *Whittaker v. Smith,* 998 S.W.2d 476, 477 (Ky. 1999). We therefore conclude that Kimberly's request for surviving spouse benefits is a "claim" as used by the General Assembly in defining the retroactive effect of KRS 342.730(4). Accordingly, we reiterate that because Kimberly's claim was

8

not fully adjudicated as of the July 14, 2018 effective date of the current version of KRS 342.730(4) (and indeed remains in the appellate process), she falls within the category of claimants entitled to retroactive application of the current version of the statute.[3]

Yamamoto contends nonetheless that it is entitled to application of the 1996 version of KRS 342.730(4) given our general rule that "the law in effect on the date of injury controls the rights and obligations of the parties." *Woodland Hills Mining, Inc. v. McCoy*, 105 S.W.3d 446, 448 (Ky. 2003). However, where the legislature has explicitly indicated its intent for a statutory amendment to apply retroactively, we are not at liberty to ignore that edict and must apply the amendment rather than a prior version of the statute in effect on the date of injury. The principle relied upon by Yamamoto thus does not compel application of the 1996 version of KRS 342.730(4) to Kimberly's claim.

We also disagree with Yamamoto's argument that the 2013 settlement's reference to KRS 342.730(3) requires application of the version of the statute in effect at the time of settlement. The settlement states that if Anthony "fails to reach age 67, then payments hereunder shall be governed and affected by KRS 342.730(3)." However, this settlement was made in the context of a workers' compensation claim. Workers' compensation is a statutory scheme with numerous detailed provisions governing the compensable period, payment rate, and many other factors applicable to a particular claim. The purpose of the

---

[3] Anthony's injury occurred on January 25, 2012, and thus also fits within the injury window set forth by the General Assembly for retroactive application of KRS 342.730(4).

workers' compensation scheme is to further the public interest in "requiring employers to provide for injured workers and their dependents so that they do not become a burden on the community." *Johnson v. Gans Furniture Indus., Inc.*, 114 S.W.3d 850, 856 (Ky. 2003). Given this context, it is plain that the settlement's reference to KRS 342.730(3) is merely an acknowledgement of the relevant law governing surviving spouse benefits. As such, it evidences only an intent that surviving spouse benefits be paid in accordance with KRS 342.730(3), not any particular intention to be bound by the statute *as it stood* at the time of the 2013 settlement.

Finally, Yamamoto also argues retroactive application of the current version of KRS 342.730(4) to Kimberly's claim will impermissibly expand its obligations. Again, we disagree. First, as noted above the settlement at issue explicitly incorporated workers' compensation law regarding surviving spouse benefits. As such, there is no "expansion" of Yamamoto's obligations because it agreed its obligation would be to provide surviving spouse benefits in accordance with KRS 342.730(3). Second, and in any event, "legislation readjusting rights and burdens is not unlawful solely because it upsets otherwise settled expectations."[4] *Jarvis v. Nat'l City*, 410 S.W.3d 148, 157 (Ky. 2013) (citation omitted). Thus any alleged expansion of Yamamoto's

---

[4] Retroactive application of KRS 342.730(4) to Kimberly's claim does not raise *ex post facto* concerns because the prohibition against *ex post facto* laws applies only to criminal or penal matters and generally has no application to civil matters. *City of Villa Hills v. Kentucky Ret. Sys.*, 628 S.W.3d 94, 111 (Ky. 2021).

10

obligations is not, without more, a basis to find KRS 342.730(4) cannot be retroactively applied to Kimberly's claim.

## CONCLUSION

For the foregoing reasons, we affirm the Court of Appeals' opinion vacating the CALJ's award to reduce Kimberly's benefits to 50% of the payment rate received by Anthony. We reverse the Court of Appeals' opinion to the extent it vacated the CALJ's application of the 2018 amended version of KRS 342.730(4) to Kimberly's claim, and remand this matter to the CALJ for entry of an order consistent with this opinion.

VanMeter, C.J.; Bisig, Conley, Keller, Lambert, and Nickell, JJ., sitting. All concur. Thompson, J., not sitting.

11

COUNSEL FOR APPELLANT:

W. Barry Lewis
Lewis and Lewis Law Offices

COUNSEL FOR APPELLEE, KACIE ELROD:

Hal D. Friedman
Cooper & Friedman, PLLC

ADMINISTRATIVE LAW JUDGE:

Hon. Douglas W. Gott

WORKERS' COMPENSATION BOARD:

Hon. Michael Wayne Alvey, Chairman