Barbara GILL and Barbara Russell,
Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 24, 1964.

Luker & Luker, J. Milton Luker, London, for appellants.

John B. Breckinridge, Atty. Gen., Joe Nagle, Asst. Atty. Gen., Frankfort, for appellee.

STEWART, Judge.

Barbara Gill and Barbara Russell were convicted as codefendants of the crime of armed robbery in the Pulaski Circuit Court and sentenced to life imprisonment. They have appealed.

It is first argued as a ground for reversal, and we believe meritoriously, that the trial court erred in overruling their motion to dismiss the indictment, made before the trial began, for the reason that the grand jurors who returned it were not selected in the manner required by law.

It is contended the circuit judge failed to comply with the provisions of KRS 29.135 (1); the relevant portion of this subsection it is claimed was ignored reads: "At each term of circuit courts having terms, the judge shall, in open court, draw from the drum a sufficient number of names not to exceed sixty, to procure twelve persons to act as grand jurors for the next term of court * * *."

The terms of the Pulaski Circuit Court convene on a definite day of the month and remain in session a fixed period of time as follows: Second Monday in January for 24 days; second Monday in February for 24 days; first Monday in May for 24 days; second Monday in June for 24 days; first Monday in September for 24 days; and second Monday in October for 24 days.

The instant indictment was returned on the 15th day of January, 1963. Under the foregoing statutory subsection the October term, 1962, was the last regular term when grand jurors who were to serve during the January term, 1963, should have been drawn from the drum. It is not revealed any such drawing then took place. However, the circuit judge ruled that the names of the grand jurors who returned the indictment against appellants were taken from the drum at an alleged special term of the Pulaski Circuit Court ordered by him under date of December 21, 1962, and directed to commence the next day, December 22, "to draw names from the jury wheel

for jury service at the January, 1963, term." (The record indicates the names of the sixty persons from which the grand jury in question was chosen were actually drawn from the drum on December 21, 1962.)

KRS 23.110(1) provides that a special term may be held either by entering an order of record at the last preceding regular term or by posting a notice, signed by the circuit judge, at the courthouse door for 10 days before the special term is to be held. It is further stated: "The order or notice shall specify the day when the special term is to commence, and shall give the style of each case to be tried, or in which any motion, order or judgment is to be made or entered at the special term, and no other case shall be tried, or motion, order or judgment entered therein, unless by agreement of the parties, * * *."

The sole record pertaining to the fixing of a time for a so-called special term to be held is one that the circuit judge instructed the circuit clerk to embrace in an order dated December 21, 1962. As heretofore noted, this entry recites in brief that he was directing a special term to convene on December 22, 1962, for the purpose of drawing from the drum a grand jury for the January, 1963, term. Apparently, in calling a special term in this manner, the circuit judge was of the opinion that he could completely bypass the requirements of KRS 23.110(1).

■ In the recent case of Price v. Commonwealth, Ky., 366 S.W.2d 725, a manslaughter conviction was reversed because this same circuit judge selected the petit jurors after the close of the regular term of court, thereby disregarding the requisites of KRS 29.135(1). We should add that the same statutory provisions equally govern the time during which grand jurors and petit jurors should be drawn from the drum. In the case at bar we must hold there was a complete failure to observe any of the procedural steps designated in the applicable statutes in respect to the sum-

moning of the grand jury that returned the indictment against appellants. It follows the indictment must be set aside and held for naught.

Certain other complaints are made which we believe should be resolved, as there may be another trial under a new indictment.

■ It is next asserted the trial court did not pursue a proper method of reducing the number on the petit jury to twelve where one alternate juror had been used during the trial. The process employed was that the circuit clerk, under instructions of the trial court, placed all thirteen names of the jurors in the box and then withdrew from it twelve names and those twelve were sent to the jury room to determine this case. RCr 9.32 provides in part: "The clerk, after mixing the names, shall draw from the box sufficient names (one or two, as the case may be) to reduce the jury to the number required by law."

Upon a retrial RCr 9.32 should be adhered to; it clearly lays down a course of action to be followed that can scarcely be misunderstood.

■ The next error assigned concerns a refusal of the trial judge to admit in evidence the entire statement of appellant, Barbara Russell, after the Commonwealth had called an Ohio police officer who testified to a portion of the statement she had made in his presence. The trial court limited the examination of this witness before the jury only to questions concerning a telephone call of appellant, Barbara Russell, to one Murrell Trimble, purportedly made to lure the latter to the spot where he was brutally murdered and subsequently robbed.

It is argued the entire statement should have been permitted to be introduced because, without it, all events immediately preceding and following the telephone call, and the reason for the call, could not be shown. The Commonwealth counters by stating that the excluded evidence would have been only self-serving and for this reason would have been incompetent.

On the matter raised this language from Meadors v. Commonwealth, 281 Ky. 622, 136 S.W.2d 1066, in our opinion is in point: "It is a rule of equal general recognition in the practice of criminal law that where the prosecution introduces statements of the defendant tending to show that he is guilty, he has the right, on cross-examination, to elicit from the witnesses relating those statements the whole of the relevant and material subject matter, even though the statements so drawn out are self-serving or favorable to him." See also Winn v. Commonwealth, Ky., 303 S.W.2d 275, and Collins v. Commonwealth, 227 Ky. 349, 13 S.W.2d 263.

At another trial of this case, if the Commonwealth puts in evidence a portion of the admissions or conversation of one of the appellants, the latter should be permitted to produce or draw out by cross-examination all that was said bearing upon that particular statement made to the witness testifying.

■ The next complaint questions the ruling of the trial court in permitting Roy Gill, the husband, to testify as to certain alleged conversations and transactions in respect to the offense with appellant, Barbara Gill, his wife. Roy Gill was previously convicted of the same crime of which his wife was indicted. It is argued the matter testified to was a confidential communication which transpired between a husband and wife during their marriage relationship and therefore was inadmissible.

A confidential communication within the meaning of KRS 421.210(1), to which the law extends a privilege, includes all knowledge obtained by reason of the marriage relation and which but for the confidence growing out of that relation would not have been known. Todd v. Barbee, 271 Ky. 381, 111 S.W.2d 1041. But if the facts about which a spouse undertakes to testify do not come to his or her knowledge by reason of the marital status, and may have been known and seen by any person who had an opportunity to know or see them, the witness is not disqualified. Hughes v. Bates'

Adm'r., 278 Ky. 592, 129 S.W.2d 138. As stated in Wharton's Criminal Evidence, 12th Ed., Vol. 3, sec. 830, p. 188: "The law extends a privilege to those communications between spouses which are confidential in nature. Communications made in the presence of third persons are not privileged, since, being made in the presence of third persons, they cannot be regarded as confidential to the spouses."

In 97 C.J.S. Witnesses § 269, p. 772, it is stated: "Where husband and wife have joined in the commission of a crime, the voluntary confession of one spouse is not privileged, but is admissible against the other." See also State v. Mann, 39 Wash. 144, 81 P. 561, which is cited as authority for this statement.

Furthermore, in 97 C.J.S. Witnesses § 269, p. 773, this rule is laid down: "When husband and wife are co-conspirators, or when the evidence justifies such a conclusion, a declaration of the husband or wife at the time of the act in question is not privileged." A nearly identical statement is found in Wharton's Criminal Evidence, 12th Ed., Vol. 3, sec. 829, p. 186.

■ We have been unable through research to bring to light any Kentucky cases that deal with the subject under discussion. We believe, however, that, since the husband and wife were here accused of being particeps criminis, under the authorities above cited, they should be denied the right to assert that any testimony in respect to their criminal acts, alleged to have been jointly committed by them, constitute a privileged communication.

Delk v. Commonwealth, Ky., 285 S.W.2d 169, relied upon by appellant, Barbara Gill, to sustain her position is not controlling because the husband and wife, under the facts of that case, were not coconspirators as the husband alone was under indictment for the crime.

■ We should point out there is no contention that appellant, Barbara Russell, was present during the alleged conversations between appellant, Barbara Gill, and her husband, Roy Gill, and, for this reason, the testimony of Roy Gill, implicating his wife with the commission of the instant offense, was not competent to be used against appellant, Barbara Russell.

■ The next ground of objection has to do with the conduct on the part of the Commonwealth's attorney in cross-examining certain character witnesses who appeared in behalf of appellant, Barbara Gill. Thus, a witness introduced for this appellant, after testifying her general reputation for truth and morals was good, was interrogated by the Commonwealth's attorney, in part, as follows: *"Had you known* that prior to her marriage to Roy Gill she had lived with him * * * would you still say her moral reputation was good?" No evidence of any description had been previously introduced to imply any acts of indiscretion on the part of this appellant.

The trial judge sustained an objection to this line of inquiry, but the Commonwealth's attorney, despite the trial judge's ruling, persisted in plying questions in the same form, in an effort to bring out evidence of an incompetent nature, not only to this character witness but to two others who testified in the same capacity for appellant, Barbara Gill.

It was clearly improper, as was done here, for the Commonwealth's attorney to propound hypothetical questions to the character witnesses which assumed that appellant, Barbara Gill, had been guilty of certain misconduct when there was no proof before the jury to establish such a fact.

We have held it is prejudicial error to preface the form of the inquiry, when interrogating a character witness, with words such as, "Had you known." In Laine v. Commonwealth, 287 Ky. 134, 151 S.W.2d 1055, 1057, it was pointed out the correct form of questioning such a witness should be, "Have your heard," or language of like import. See also 47 A.L.R.2d 1308, 1309,

where the form in which the question should be asked is discussed at length.

This same appellant's right to a fair and impartial trial was also jeopardized when the Commonwealth's attorney continued to conduct his interrogation of the character witnesses in the manner referred to above, after the trial judge had ruled the manner of phrasing the questions was improper and the subject matter sought to be elicited was incompetent. We should warn that if a similar practice is resorted to at another trial it will constitute a ground for reversal.

Other alleged errors are complained of by appellant but they are of such a nature that if a retrial of this case is had it is believed they will not recur. Therefore we do not pass on them.

Wherefore, the judgment is reversed for further proceedings not inconsistent with this opinion.