**Warren WADLINGTON, Appellant,**

v.

**SEXTET MINING COMPANY; Vicki G. Newberg, Acting Director of Special Fund; Hon. James L. Kerr, Administrative Law Judge; and The Workers' Compensation Board, Appellees.**

No. 93–CA–1625–WC.

Court of Appeals of Kentucky.

July 8, 1994.

Harry R. Hinton, Vaughn & Hinton, Madisonville, for appellant.

Thomas L. Ferreri, William A. Miller, Jr., Phillipe W. Rich, Ferreri & Fogle, Louisville, for Sextet Mining.

Peter J. Naake, Judith K. Bartholomew, Labor Cabinet, Louisville, for Special Fund.

Before HOWERTON, McDONALD, and SCHRODER, JJ.

*OPINION*

HOWERTON, Judge.

Warren Wadlington petitions for review of a decision of the Workers' Compensation Board which affirmed the administrative law judge's (ALJ) order (1) denying Wadlington's claim for benefits, (2) imposing sanctions against him pursuant to KRS 342.310, and (3) referring his claim for enforcement proceedings with respect to fraud pursuant to KRS 342.335 and KRS 342.990(2). Wadlington contends that his ex-wife's deposition containing communications subject to the marital privilege was erroneously admitted into evidence by the ALJ. He further asserts that the evidence of his filing a fraudulent claim was not "clear and convincing" and that both the ALJ and the Board erred in so finding. For reasons discussed below, we reverse and remand.

Wadlington filed his compensation claim in May of 1991, alleging two work-related injuries. The first was said to have occurred on September 2, 1989, when he claimed he stepped on a lump of coal in the underground mine and twisted his right knee. The second

alleged injury was a crushed left finger occurring on February 26, 1990, while he was pinning timber in the mine. The claim for the second injury was dismissed after being found by the ALJ not to be of appreciable proportion, and that dismissal was not appealed.

Notice was sent to Wadlington by Sextet's counsel that it intended to take his ex-wife's deposition on September 17, 1991, and that it intended to have it read in evidence upon submission of this case. Melissa Baize testified that over the Labor Day weekend in 1989, Wadlington, to whom she was then married, and several companions went on a canoeing trip. When he returned home, Wadlington told her he had reinjured his right knee which had initially been injured playing football. Baize stated that she observed the knee and it was swollen and apparently "had fluid upon it." She testified that Wadlington stated he was going to try to make it to work the next day. He did go to work the following day and reported to his employer, Sextet Mining Company, that he sustained a work-related injury that day. It was Baize's testimony that the couple later joked about Wadlington's obtaining workers' compensation benefits when in fact he injured his knee during the canoe trip. This deposition was filed with the ALJ on November 4, 1991.

At the subsequent prehearing before the ALJ, counsel for Wadlington objected to the use of Baize's deposition testimony, claiming it was incompetent as a confidential communication between him and his wife during their marriage. Counsel offered the same objection at the hearing before the ALJ on February 13, 1992. By opinion and order dated May 7, 1992, the ALJ held that, although Baize was not a competent witness at the time the deposition was taken, the testimony could be read into evidence, because Wadlington had waived any objection by failing to object at the deposition itself. It was his view that "thus, by waiver the incompetent has become competent."

An appeal was taken to the Workers' Compensation Board, which affirmed the ALJ's determination. The Board, however, disregarded the ALJ's reasoning for his decision, finding instead that the right to refuse to testify was personal to the spouse from whom the testimony was being elicited. Thus the Board reasoned it was irrelevant when or if Wadlington objected to Baize's testimony being introduced into evidence. The Board also affirmed the ALJ's finding of fraud on the part of Wadlington. This petition for review followed.

KRS 421.210, entitled "Competency of Certain Testimony," provides in pertinent part as follows:

In all actions between husband and wife, or between either or both of them and another, either or both of them may testify as other witnesses, except as to confidential communications between them during marriage, provided, however, that in an action for absolute divorce or divorce from bed and board, either or both of them may testify concerning any matter involved in the action, including questions of property, and provided further, that neither may be compelled to testify for or against the other.

This statute contains two distinct spousal privileges. Confidential marital communications are protected from disclosure by the first prong of the statute. The second provides that neither spouse can be compelled to testify for or against the other. This case involves the first prong, the marital privilege as to confidential communications, rather than the second prong, as held by the Board in its opinion.

■■■ The privilege as to "confidential communications" is restricted to communications made during the existence of the marriage relation. It does not extend to communications between persons prior to marriage or after divorce. However, it does survive divorce as to those confidential communications made while the couple was married. 81 Am.Jur.2d *Witnesses* § 301 (1992). Confidential communications have been held to include all knowledge obtained by reason of the marriage relation and which, but for the confidence growing out of that relation, would not have been known by the other spouse. *Gill v. Commonwealth,* Ky., 374 S.W.2d 848 (1964). However, if the facts about which a spouse undertakes to testify

do not come to his or her knowledge by reason of the marital status, and may have been known and seen by any person who had opportunity to know or see them, the witness is not disqualified. *Hughes v. Bates' Adm'r*, 278 Ky. 592, 129 S.W.2d 138 (1939). Applying these rules to the instant case, it is obvious that Wadlington possessed the right to prevent Baize from testifying as to any "confidential communications" that passed between them during their marriage.

The question then becomes: did Wadlington waive his right to assert the marital privilege by failing at Baize's deposition to object to her testimony containing confidential communications. Wadlington argues that CR 32.04 clearly provides that objections to the competency of evidence are not waived by failure to make them before or during the taking of the deposition. Sextet counters with the argument that CR 43.04 requires that in a trial by deposition, such as a workers' compensation case, any objection to the competency of testimony must be made at the taking of the deposition or subsequently in writing, specifying the grounds for the objection, and served and filed before the case is submitted.

In its rules regulating the procedure for adjustments of claims found at 803 KAR 25:011, the Workers' Compensation Board adopted certain of the Kentucky Rules of Civil Procedure. In § 17 of the Rules, the Board adopts Rules 26 to 37 of the discovery rules, except for Rules 27, 33, and 36, which are not to apply to workers' compensation cases.

CR 43.04, the rule relied upon by Sextet, is not among those specifically adopted by the Board. Nevertheless, CR 32.02 appears to incorporate at least part of that rule by reference when it provides that "*[s]ubject to the provisions of Rules 32.04(3) and 43.04(3)*, objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying." (Emphasis added.)

■ CR 43.04 pertains to those cases in which certain issues are tried by deposition in a court without a jury. This is precisely the manner of practice in most workers' compensation hearings today. The Board's rules authorize depositions to be taken as proof, and once so taken, there is no requirement that they be formally tendered to be considered as evidence. The rules further provide that the function of the hearing before the ALJ is to provide additional or supplemental evidence, in recognition of the fact that matters contained in depositions are already "evidence." Rule 43.04's requirement that any objection to competency must be made at the taking of the deposition or subsequently in writing before submission of the case, is particularly important in workers' compensation cases. By the time of the hearing before the ALJ, he properly could have previously read and considered the depositions and any objections to their competency. On the other hand, a court does not consider the competency of deposition testimony (in trials where evidence is presented orally) until the deposition is offered into evidence.

■ We believe Rule 43.04(3) clearly applies to workers' compensation cases and in this particular situation. However, we are convinced that counsel for Wadlington did object at the prehearing to introduction of that part of Baize's testimony considered to be confidential communications. At that time, the ALJ noted on the prehearing order and memorandum that the "admissibility of the testimony of Melissa Baize and timeliness of objection thereto" were contested issues subject to further proceedings pursuant to 803 KAR 25:011. In essence, the ALJ effectively said to counsel that he need not put his objection in writing because he (the ALJ) had done so in the prehearing order and therefore it would be taken under consideration.

Having thus determined that Wadlington's objection to Baize's testimony was timely, we must decide what part of that testimony is privileged as a confidential communication and not to be admitted into evidence and what part is admissible because it fails to meet the definition of confidential communication. When information gained by the spouse involves acts, occurrences, or verbal exchanges which may have been known or

seen by any person, the privilege under the statute does not apply. *Gill, supra,* 374 S.W.2d at 851. Thus the wife could testify that she observed her husband's revolver was hidden from view when he put on his coat inside their house. *Hall v. Commonwealth,* 309 Ky. 74, 215 S.W.2d 840 (1948).

On remand of the present case, Baize's testimony as to certain observations should be admitted into evidence. She may testify that she observed Wadlington's knee to be swollen upon his return from canoeing the day before the alleged work-related knee injury. She may testify that the knee was still swollen when Wadlington went off to work the next day. However, Baize cannot testify to any conversations she had with her ex-husband concerning the injured knee. The observations she made did not occur solely because of the marriage relationship but were rather observations anyone could have made—including the members of his canoeing party or fellow workers he encountered the next day at work.

We hasten to note that, on remand, the ALJ is free to consider the testimony of Baize as outlined above and may very well come to the same conclusion as he did before. This is his prerogative, and any subsequent review of that decision must give appropriate deference to his assessment of credibility, validity, and substance of the evidence.

The decision of the Workers' Compensation Board is reversed and this case is remanded for a decision by the ALJ consistent with this opinion.

All concur.