Hatonya **KENDRICK**, Appellant,

v.

**TOYOTA; Workers' Compensation Funds; Hon. Bonnie Kittinger, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2004–CA–001115–WC.

Court of Appeals of Kentucky.

Sept. 17, 2004.

Wayne C. Daub, Louisville, KY, for appellant.

H. Douglas Jones, Kenneth J. Dietz, Florence, KY, for appellee, Toyota.

David W. Barr, Frankfort, KY, for appellee, Workers' Compensation Funds.

Before GUIDUGLI, TACKETT, and VANMETER, Judges.

## OPINION

GUIDUGLI, Judge.

Hatonya Kendrick (hereinafter "Kendrick") has petitioned this Court for review of the decision of the Workers' Compensation Board (hereinafter "the Board"), which affirmed the April 26 and May 29, 2002, orders of the Chief Administrative Law Judge that declined to extend the four-year reopening limitation contained in KRS 342.125(3). In her petition, Kendrick asserts that Toyota's post-award voluntary payment of temporary total disability benefits extended the four-year limitation period, or, in the alternative, that the payment served as a waiver/estoppel as to the requirements of KRS 342.125(3). We affirm.

In *Western Baptist Hospital v. Kelly*, Ky., 827 S.W.2d 685 (1992), the Supreme Court of Kentucky addressed its role and that of this Court in reviewing decisions in workers' compensation actions. "The function of further review of the WCB in the Court of Appeals is to correct the Board only where the [ ] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687–88. In the present matter, we have determined that the Board did not overlook or misconstrue any controlling authority or commit any error in assessing the evidence. Further, because we cannot improve upon the Board's excellent opinion, we shall adopt the opinion authored by Board Member Gardner as our own:[1]

The only issue raised by Hatonya Kendrick ("Kendrick") on appeal is whether the payment of temporary total disability ("TTD") benefits extends the four-year reopening limitation of KRS 342.125(3).

The facts and procedures necessary to determine the issue on appeal are limited. By opinion and award rendered August 11, 1997, Kendrick was awarded 20% occupational disability for injuries to her upper extremities sustained on February 2, 1994, in the course and scope of her employment with Toyota Manufacturing ("Toyota").

More than four years later, on March 27, 2002, Kendrick filed a motion to reopen, based on a change of condition— that she was now more disabled than at the time of her award. Her affidavit attached to the motion stated she had been under the care of her treating physician, Dr. Luis Schecker, and Toyota had voluntarily instituted TTD benefits through February 12, 2002. Kendrick claimed she had not yet reached maximum medical improvement. In an order rendered April 26, 2002, Hon. Sheila C. Lowther, Chief Administrative Law Judge ("CALJ") granted Kendrick's motion to reopen. The order stated the CALJ recognized the existence of the limitations period of KRS 342.125 as amended effective December 12, 1996. However, in light of Kendrick's assertion that she was entitled to an addition-

---

1. Although the Board relies upon an earlier, unpublished opinion of this Court, which cannot be cited as authority, we nevertheless have reviewed that decision and through our own research have determined that the prior holding as relied upon by the Board accurately reflects the law.

al period of TTD, the matter was reopened. The CALJ, in a subsequent order rendered May 29, 2002, further clarified that the reopening was solely allowed to address Kendrick's claim for an additional period of TTD.

The matter was assigned to Administrative Law Judge Ron Johnson. A benefit review conference ("BRC") was held on December 10, 2002. The BRC order and memorandum stated Kendrick had not waived her right to appeal the interlocutory order of May 29, 2002 limiting her reopening to the issue of an additional period of TTD. The claim was later reassigned to Hon. Bonnie Kittinger, Administrative Law Judge ("ALJ") who determined, in an order rendered December 30, 2002, Kendrick had not reached maximum medical improvement and TTD benefits should be reinstated. Kendrick was referred for a university evaluation on the issue of maximum medical improvement, and the claim was placed in abeyance. In an order rendered January 20, 2004, the ALJ determined Kendrick was at maximum medical improvement and, therefore, her claim for additional TTD benefits was denied.

On appeal, Kendrick argues since TTD benefits were voluntarily reinstated post-award, and within four years of the August 11, 1997 award, the payments extended the four-year period to file a motion to reopen pursuant to KRS 342.125(3). Kendrick argues she could not or should not file a motion to reopen during the period of payment of TTD benefits because she was receiving benefits and, for that reason, there was nothing to adjudicate. She submits that her motion was timely because it was made within four years of the last payment of TTD benefits. She takes the position

that either the period in which to file a claim was lengthened by payment of TTD benefits, or in the alternative, payment of TTD should serve as a waiver/estoppel as to the requirements of KRS 342.125(3).

In response, Toyota argues the four-year period of KRS 342.125(3) cannot be extended. It contends that even though Kendrick was receiving voluntary payment of TTD, earlier reopening is not prohibited by statute or case law. Toyota submits that KRS 342.125(3) is a specific statute of limitations and therefore takes precedence over the more general statute of limitations found in KRS 342.185 and KRS 342.265. It also submits this is not a situation in which estoppel/waiver applies. In support of its arguments, Toyota cites *Baker v. City of Louisville*, 2003–CA–000079 (rendered September 19, 2003 and designated not to be published).[2]

The version of KRS 342.125(3), in effect on the date of Kendrick's award provides in pertinent part:

Except for reopening solely for determination of the compensability of medical expenses, fraud, or conforming the award as set forth in KRS 342.730(1)(c)2., or for reducing a permanent total disability award when an employee returns to work, or seeking temporary total disability benefits during the period of an award, no claim shall be reopened more than four (4) years following the date of the original award or order granting or denying benefits. . . .

Prior to the 1996 amendments, an injured worker was permitted to reopen a settlement or award at any time. However, since December 12, 1996, time limitation has been imposed with the intend-

**2.** 2003 WL 22159056 (Ky.App.)[footnote 1 in original].

ed purpose of cutting off, after four years, all reopenings for awards entered after that date, subject only to the enumerated exceptions. *See Brooks v. University of Louisville Hospital,* Ky., 33 S.W.3d 526 (2000); *Meade v. Reedy Coal Co.,* Ky., 13 S.W.3d 619 (2000). Since Kendrick's award was dated August 11, 1997, her motion to reopen, on its face, was violative of the four year statute of limitations in KRS 342.125(3). Voluntary payment of TTD benefits post-award is not an exception contained within the statute.

The Kentucky Court of Appeals, in *Baker v. City of Louisville, supra,* addressed the very argument Kendrick now makes on appeal. While we recognize that an unpublished opinion from our appellate court does not constitute either primary or secondary authority in the courts of the Commonwealth, nonetheless we deem it prudent to adopt the court of appeals' reasoning until such time there is published authority addressing the issue. In *Baker, supra,* unlike the case *sub judice,* the claimant was injured prior to 1996 and settled his claim before the effective date of the 1996 amendments, thus triggering the statute of limitations contained in KRS 342.125(8). That statute provides "claims decided prior to December 12, 1996, may be reopened within four (4) years of the award or order, or within four (4) years of December 12, 1996, whichever is later. . . ." The court's reasoning, however, applies equally to KRS 342.125(3). Addressing the claimant's argument that the abeyance provisions contained in KRS 342.265(5) and the statute of limitations contained in KRS 342.185(1) should be applied so as to extend the statute of limitations on reopening, the court determined those statutes were directed solely to the "application for resolution of a claim" and the filing of an "application for adjustment of claim" respectively. The court stated that based upon the plain language of the statutes, they were applicable to initial claims and not motions to reopen. The court further stated:

> Moreover, although KRS 342.265(5) and KRS 342.185(1) are general statutes of limitations, the four-year limitations period set out in KRS 342.125(8) deals specifically with the reopening of a claim. It is well established that when two statutory provisions deal with a similar subject matter, the specific statute controls over the general statute. *Boyd v. C & H Transportation,* Ky., 902 S.W.2d 823[, 824] (1995); *Land v. Newsome,* Ky., 614 S.W.2d 948 (1981). As KRS 342.125(8) specifically and unambiguously addresses the filing deadline for the reopening of a claim, it clearly applied in the situation before us on appeal.

*Baker v. City of Louisville, supra.* Likewise, KRS 342.125(3) is specific to reopening and neither KRS 342.265(5) nor KRS 342.185(1) has any application.

Furthermore, we disagree with Kendrick that the principle of equitable estoppel/waiver applies. Again, this issue was discussed in *Baker, supra,* wherein the court identified the essential elements of equitable estoppel as:

> (1) conduct which amounts to a false representation or concealment of material facts, or[,] at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge,

actual or constructive, of the real facts. And, broadly speaking, as related to the party claiming the estoppel, the essential elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.

*Weiand v. Board of Trustees of Kentucky Retirement Systems,* Ky., 25 S.W.3d 88, 91 (2000) (quoting *Electric and Water Plant Board of City of Frankfort v. Suburban Acres Development, Inc.,* Ky., 513 S.W.2d [489], 491 (1974)).

*Baker,* slip opinion at p[.] 3. The court determined:

Clearly, the facts herein do not satisfy the requirements for equitable estoppel. The city's payment of voluntary TTD benefits, consistent with its obligation under KRS Chapter 342, was not conduct which amounted to a false representation of a material fact. Further, it cannot be said that Baker lacked the means to acquire knowledge regarding the limitations period set out in KRS 342.125(8). Hence, no basis exists for applying the doctrine of equitable estoppel so as to deprive the city of its limitations defense.

*Id.*

We fully agree with Toyota that its voluntary payment of TTD benefits was not an action of waiver or estoppel so as to prevent it from asserting the four-year statute of limitations of KRS 342.125(3).

Accordingly, the decision of the Administrative Law Judge is hereby AFFIRMED.

For the foregoing reasons, the Board's decision affirming the order limiting the reopening is affirmed.

ALL CONCUR.