**GENERAL ELECTRIC COMPANY, Appellant,**

v.

**Sandy TURPEN; Honorable Grant S. Roark, Administrative Law Judge And Workers' Compensation Board, Appellees.**

No. 2006–CA–001072–WC.

Court of Appeals of Kentucky.

Dec. 15, 2006.

---

Rodney J. Mayer, U'Sellis & Kitchen, PSC, Louisville, KY, for Appellant.

Robert C. Heuke, Jr., Louisville, KY, for Appellee.

Before BARBER, Judge; HUDDLESTON and PAISLEY, Senior Judges.[1]

## OPINION

PAISLEY, Senior Judge, (Assigned).

Two issues are raised in this workers' compensation claim: (1) whether a factual statement in a brief submitted to the ALJ can be deemed an admission; and (2) whether prior to filing a motion to reopen, the claimant is required to give notice of a worsening of a condition. The Workers' Compensation Board held that admissions are not a part of a workers' compensation proceeding and that notice is not required. We find no error and affirm.

Turpen was employed by General Electric in 1994 and, in 1999, sustained a work-related injury to her left ankle. In 2003, the ALJ approved a settlement of her claim based on a 7% permanent partial disability rating. As a part of that settlement, Turpen did not waive her right to reopen her claim and retained the right to receive future medical benefits.

---

**1.** Senior Judges Joseph R. Huddleston and Lewis G. Paisley sitting as Special Judges by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

On January 18, 2005, Turpen filed a motion to reopen alleging a worsening of her condition and seeking increased benefits. In support, she included a medical report from Dr. Lawrence Peters, dated May 10, 2004, indicating that she had developed neuropathic leg pain and reflex sympathetic dystrophy in her hip, buttock, and back. There was no mention, either in the motion or attached medical report, of any psychological condition.[2]

Turpen's motion to reopen was granted and the case was assigned to an ALJ for further proceedings. On May 26, 2005, she filed a motion to amend her reopening to include depression secondary to her work-related injury. As the basis for her motion, Turpen stated that Dr. Peters first treated her for depression on January 5, 2004, and attached Dr. Peters' handwritten progress notes dated January 5, 2004, indicating that Turpen complained of depression. She also submitted an IME report from Dr. Changaris dated April 15, 2005, stating that he diagnosed Turpen with complex regional pain syndrome of the left lower extremity and severe depression. Dr. Changaris assessed a 40% impairment to the body as a whole based on the AMA *Guides to the Evaluation of Permanent Impairment*, 5th Edition, due to complex regional pain syndrome and a 20% impairment rating as a result of depression which he attributed to her 1999 work-related injury.

General Electric responded with an IME report from Dr. Stephen Bliss, a licensed psychologist, who diagnosed Turpen as having chronic pain disorder associated with a general medical condition and a psychological condition, including a personality disorder. He observed that Turpen exhibited a "probable maladaptive personality pattern" that was premorbid to her 1999 work injury and partially attributable to that injury. Using the AMA Guides, Dr. Bliss assessed a 10% impairment rating based on Turpen's psychological condition, 5% which he attributed to the work injury and which had been present since 2001.

Turpen testified that she had not worked since settling her claim in 2003. Although she had been prescribed Zoloft in the early 1990's, she was not asked nor did she testify when she first learned that her current depression was work-related.

■ General Electric argued before the ALJ that Turpen's psychological claim was barred because she failed to provide timely notice of her injury. The ALJ agreed, stating that Turpen was first informed of her work-related depression in January 2004, but did not give notice of her condition until she filed her motion to amend in May 2005. Turpen filed a petition for reconsideration arguing that there was no evidence that in 2004 she was informed that her condition was work-related. Denying the petition, the ALJ recited a portion of Turpen's brief stating that the notice provision was triggered on January 5, 2004. That statement, the ALJ held, was a judicial admission requiring that the petition be denied.

Following the denial of her petition for reconsideration Turpen appealed, arguing that the ALJ's finding that she knew her psychological condition was work-related prior to receiving a copy of Dr. Changaris's medical report in May 2005, was erroneous and, after receiving the report, that she gave notice of her depression as soon as practicable by filing a motion to amend. The Board agreed that the statement in

---

**2.** There is no issue raised on appeal concerning the denial of increased benefits based on a worsening of Turpen's physical condition.

Turpen's brief was improperly deemed an admission. It further held that the ALJ erred, as a matter of law, when he held that Turpen was required to give notice of her psychological claim.

■ It is the appellate function of this court in workers' compensation cases to correct the Board only when we find that the Board has overlooked or misconstrued a controlling statute or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice. *Western Baptist Hospital v. Kelly,* 827 S.W.2d 685, 687–688 (Ky.1992). We find that the Board's opinion is in accordance with the applicable law and is a correct assessment of the evidence; we, therefore, affirm.

■ KRS 342.125 requires that an employee give notice of an accident to an employer as soon as practicable after its occurrence. In the case of a gradual psychological or physical injury, causation is not readily evident and, therefore, an isolated accident is not necessarily the triggering event. Since the question of medical causation is a matter for a medical expert, even the employee's knowledge that she suffers from a gradual medical condition will not trigger the requirement. In such cases, the notice requirement is not triggered until a physician informs the worker that the cause of the condition is work-related. *Hill v. Sextet Mining Corp.,* 65 S.W.3d 503, 507 (Ky.2001).

Although Turpen was treated by Dr. Peters for her psychological condition in January 2004, there is no evidence that he informed her that her condition was caused by her work injury. As the Board pointed out, nowhere in his records or reports, does Dr. Peters suggest that Turpen's depression was work-related. Moreover, there is no testimony from any witness to support an inference that Turpen knew that her depression was work-relat-

ed. The ALJ's finding, therefore, was necessarily based on the statement in Turpen's brief.

The ALJ found that Turpen indicated "by her own action (or at least by judicial admission) that she was first advised of the work-relatedness of her depression in January 2004" and, consequently, dismissed her claim for failure to give timely notice. The ALJ's application of the rule of judicial admissions was error. Although the Workers' Compensation Board has adopted certain of the Kentucky Rules of Civil Procedure, Rule 36 entitled "Requests for Admission" is specifically excluded. *See* 803 KAR 25:010; *Wadlington v. Sextet Mining Co.,* 878 S.W.2d 814 (Ky. App.1994). Instead, when facts are undisputed the parties are required to enter into agreed stipulations. 803 KAR 25:010. The parties did not stipulate when Turpen was first informed by a physician that her depression was work-related and, in fact, listed notice as a contested issue. The Board properly found that the ALJ's finding was clearly erroneous.

In addition to its finding that there was no factual evidence to support the ALJ's findings, the Board also held that prior to filing a motion to reopen there is no requirement that a claimant give notice of a worsening of condition. Since there are no reported Kentucky cases addressing this precise issue, it is one of first impression.

■ The Workers Compensation Act contains a statutory procedure for giving notice in workers' compensation claims. KRS 342.185 provides that notice of an accident must be given as soon as practicable after its occurrence. KRS 342.190 provides that the notice contain a description of the nature and cause of the accident and the nature and extent of the injury sustained. Inaccuracies in the notice render it invalid or insufficient only if the employ-

er was actually misled and injured as result of the inaccuracies. KRS 342.200. When read together, the statutory notice scheme serves three purposes: (1) to provide prompt medical treatment in order to minimize the worker's ultimate disability and the employer's liability; (2) to enable the employer to make a prompt investigation of the circumstances of the accident; and (3) to prevent the filing of fictitious claims. *Harlan Fuel Co. v. Burkhart*, 296 S.W.2d 722, 723 (Ky.1956). The issue in this case is whether the notice provisions of KRS 342.185, KRS 342.190 and KRS 342.200, are applicable to motions to reopen filed pursuant to KRS 342.125.

■ KRS 342.125 applies exclusively to reopenings and provides a procedure distinctly different from the filing of an original adjustment of claim. Instead of the two year period of limitations contained in KRS 342.185, KRS 342.125(3) provides that:

Except for reopening solely for determination of the compensability of medical expenses, fraud, or conforming the award as set forth in KRS 342.730(1)(c)2., or for reducing a permanent total disability award when an employee returns to work, or seeking temporary total disability benefits during the period of an award, no claim shall be reopened more than four (4) years following the date of the original award or order granting or denying benefits, and no party may file a motion to reopen within one (1) year of any previous motion to reopen by the same party.

In addition to providing for a limitations period longer than that in KRS 342.185, KRS 342.125 does not contain language in regard to the giving of notice to the employer.

Considering the application of KRS 342.185 to a reopening proceeding, in *Garrett Mining Co. v. Nye*, 122 S.W.3d 513 (Ky.2003), the court held that a "change of disability" and not an accident is the triggering event for the application of KRS 342.125, so that the limitations period contained in KRS 342.185(1) is not applicable. That statute, the court reasoned, applies only to the time for filing an original adjustment of claim. Reaching the same conclusion, in *Kendrick v. Toyota*, 145 S.W.3d 422 (Ky.App.2004), the court held that the limitations period in KRS 342.185(1) and the abeyance provision contained in KRS 342.265(4)[3] could not be applied so as to extend the statute of limitations on reopening. KRS 342.185(10) and KRS 342.265(5) are general statutes of limitations and are applicable only to the "application for resolution of a claim" and the filing of an "application for adjustment of claim." Based on the plain language of those statutes and the rule that a specific statute prevails over a general one, the court held that neither statute was applicable to motions to reopen under KRS 342.125. *Id.* at 425.

The same reasoning recited in *Kendrick Mining Co.* and *Garrett Mining Co.*, is applicable to the present issue. Unlike those statutes applicable to the filing of an original claim, there is no requirement in KRS 342.125 that notice be given prior to the filing of a motion to reopen. In the Board's well-reasoned opinion the reason for the lack of such a provision is explained as follows:

[B]y the time of reopening presumably an investigation of the circumstances of the accident by the employer has already long since occurred and a determination has previously been made that the underlying claim is not fictitious.

---

**3.** KRS 342.265 permits an application for resolution of claim to be placed in abeyance during any period voluntary payments of income benefits are made.

What is more, as a matter of law, an employer's liability for any change of condition and a worker's right to increased benefits at reopening is limited and only vests as of the date of the motion to reopen. *Hodges v. Sager Corp.*, 182 S.W.3d 497 (Ky.2005); *Johnson v. Gans Furniture Industries, Inc.* 114 S.W.3d 850, 855 (Ky.2003); *Rex Coal Co. v. Campbell*, 213 Ky. 636, 281 S.W. 1039 (1926). Hence, the employer's liability for additional benefits is procedurally minimized and safeguarded. Under such circumstances, it would be unreasonable to suggest that the employer suffered any prejudice for lack of notice of a change in the worker's disability at the time of reopening.

Turpen's psychological condition did not manifest itself until almost three years after the settlement of her claim. It is not a new injury and, therefore, is a "change of disability" properly considered pursuant to KRS 342.125. *Garrett Mining Co.*, at 519. We agree with the Board that there is no requirement that notice be given prior to the filing of a motion to reopen.

The decision of the Board is affirmed.

ALL CONCUR.