PRO SERVICES, INC., Appellant

v.

Jeremy Chad WILSON, as Administrator for the ESTATE OF Roy George WILSON; Buddy Hughes d/b/a Tri County Builders; Hon. Chris Davis, Administrative Law Judge; and Workers' Compensation Board, Appellees.

and

Jeremy Chad Wilson, as Administrator for the Estate of Roy George Wilson, Cross–Appellant

v.

Pro Services, Inc., Buddy Hughes d/b/a Tri County Builders; Hon. Chris Davis, Administrative Law Judge; and Workers' Compensation Board, Cross–Appellees.

Nos. 2010–CA–001322–WC, 2010–CA–001645–WC.

Court of Appeals of Kentucky.

Jan. 4, 2013.

Sherri P. Brown, John W. Spies, Lexington, KY, for Appellant/Cross–Appellee.

Jackson W. Watts, Versailles, KY, for Appellee/Cross–Appellant Jeremy Chad Wilson, as Administrator for the Estate of Roy George Wilson.

Before CLAYTON, NICKELL and VANMETER, Judges.

*OPINION*

NICKELL, Judge:

Pro Services, Inc. petitions for review of a Workers' Compensation Board (Board) decision reversing an opinion of Administrative Law Judge Chris Davis (ALJ) regarding a claim for benefits filed by Roy George Wilson.[1] Pro Services contends the Board improperly invaded the province of the ALJ by making its own contrary findings of fact, erroneously overturned the ALJ's properly supported factual find-

---

1. Wilson passed away during the pendency of this appeal. The action was properly revived and the Administrator of Wilson's Estate was substituted as a party. For purposes of clarity, we will make no distinction in referencing Wilson and/or his Estate in this Opinion and shall treat them as though they are one and the same. We previously remanded this case to the ALJ for a determination of whether Wilson's death was work-related so as to entitle his estate to death benefits. The ALJ determined Wilson's death was compensable and no review has been sought of that decision.

ings, and overlooked or misconstrued controlling statutes and precedent with respect to whether concurrent wages should be included in Wilson's average weekly wage (AWW). On cross-petition for review, Wilson alleges the ALJ's failure to make findings of fact on material issues was properly remedied by the Board's decision, the Board incorrectly held that judicial admissions are inapplicable in workers' compensation cases, and the ALJ's finding that Wilson worked only eight hours per week was unsupported by substantial evidence and therefore unreasonable. Following a careful review, we affirm in part, vacate in part and remand.

Wilson was injured in a work-related incident on March 29, 2008. He fell through a hole that had been cut for steps leading to the basement in a house he was helping construct. Wilson was working for Buddy Hughes d/b/a Tri County Builders at the time of the accident. Hughes' testimony revealed Wilson worked approximately eight hours per week—on average—for Tri County Builders and was paid between $ 10.00 and $12.00 per hour for his work. He was always paid in cash. Further testimony indicated Wilson also worked for Goff Mobile Homes (Fleetwood) around the time of his injury. Although Wilson initially testified he had left his job at Fleetwood to work for Tri County Builders, he later indicated he could not remember whether he was still employed by Fleetwood on the date of his injury. Wilson's son, Chad Wilson, testified he had worked with his father at Fleetwood in the past and stated his beliefs as to Wilson's wages and hours but admitted it had been over a year since the pair had worked alongside one another and that he had not spoken to his father for more than a month prior to the accident.

On the date of the accident, Tri County Builders was sub-contracting for Pro Services who accepted up-the-ladder liability for Wilson's claim. Wilson sustained serious injuries to his back, neck, head, jaw, chest, and ribs and he suffered a traumatic brain injury (TBI). As a result of his injuries, Wilson was required to live in an assisted-living community, primarily as a result of the TBI and resulting memory loss. He was unable to return to any type of work after his fall.

Temporary total disability (TTD) payments were paid by Pro Services at a rate of $134.00 per week beginning on March 29, 2008, the date of the injury. Wilson's medical benefits, in excess of $321,000.00, were also paid by Pro Services. Following a Benefit Review Conference and formal hearing, the ALJ ruled Wilson was permanently totally disabled (PTD) and awarded lifetime benefits at a rate of $53.44 per week based on his calculation of Wilson's AWW as $80.00. The ALJ did not include wages earned from any other employment in determining Wilson's AWW. Wilson filed a petition for reconsideration which was denied.

Wilson appealed to the Board alleging the ALJ erred in his finding regarding AWW as he failed to take Wilson's concurrent employment into consideration. The Board agreed with Wilson and remanded the matter to the ALJ for reconsideration of the concurrent employment issue. It concluded the ALJ had properly exercised his discretion in weighing the evidence presented and finding Wilson's and his son Chad's testimony to be speculative, vague, and unreliable on the issue of concurrent wages. However, the Board found the ALJ's analysis was insufficient regarding the issue because the Board believed substantial evidence in support of a finding of concurrent employment had been presented but was not mentioned in the ALJ's Opinion and Award. It remanded the

matter for further proceedings to determine whether Wilson had worked full time as a result of his concurrent employment and was entitled to benefits based thereon. The Board additionally found the ALJ erred in awarding PTD benefits in an amount lower than the statutory minimum rate of $134.00 per week pursuant to KRS 342.730(1)(a).[2] This appeal followed.

On appeal, Pro Services raises three allegations of error. First, Pro Services contends the Board invaded the province of the ALJ in making its own findings of fact concerning Wilson's concurrent employment. Next, it alleges the ALJ's findings of fact and conclusions of law were supported by substantial evidence and the Board thus erred in vacating the ALJ's decision. Finally, Pro Services argues the Board overlooked or misconstrued controlling statutes and precedents in making its determination that Wilson's concurrent employment should be included in his AWW. On cross-petition, Wilson argues the Board correctly vacated the ALJ's determinations with respect to his AWW and concurrent employment, but erred in deciding that judicial admissions have no place in workers' compensation proceedings. We shall address each issue in turn.

■ Our function when reviewing a Board decision is to correct the Board only where the the [sic] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice. *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687–88 (Ky.1992). Thus, the

"standard of review with regard to a judicial appeal of an administrative decision is limited to determining whether the decision was erroneous as a matter of law." *McNutt Construction/First General Services v. Scott*, 40 S.W.3d 854, 860 (Ky.2001) (citing *American Beauty Homes v. Louisville & Jefferson County Planning & Zoning Commission*, 379 S.W.2d 450, 457 (Ky. 1964)).

■ Pro Services first contends the Board invaded the province of the ALJ in making its own findings of fact concerning Wilson's concurrent employment. It argues the Board improperly substituted its judgment for that of the ALJ with respect to the weight of the evidence and exceeded the scope of its review. We disagree.

■ KRS [3] 342.285(2) provides that the Board shall not re-weigh the evidence presented nor substitute its judgment for that of the ALJ when reviewing an award. In *Square D Co. v. Tipton*, 862 S.W.2d 308, 309 (Ky.1993) (citing *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985)), the Supreme Court of Kentucky reiterated that an ALJ, as the finder of fact, and not the reviewing court, has the sole authority to determine the quality, character, and substance of the evidence. The Board correctly noted in its opinion that claimants bear the burden of proving each element of their claim, *Burton v. Foster Wheeler Corp.*, 72 S.W.3d 925 (Ky. 2002), and on appeal from an adverse ruling, the question becomes whether the evidence of record compels a different result. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735 (Ky.App.1984).

---

2. The parties concede the Board correctly determined the statutory minimum amount Wilson should receive upon finding he was entitled to payment of PTD benefits. Thus, no further mention of this error by the ALJ is necessary.

3. Kentucky Revised Statutes.

Contrary to the assertion made by Pro Services, the Board did not substitute its judgment for that of the ALJ, nor did it re-weigh the evidence presented. In its opinion, the Board concluded that substantial evidence had been presented to support a finding of concurrent employment, and yet the ALJ had completely failed to include any analysis of the issue in his opinion and award. In remanding the claim to the ALJ, the Board did not direct a finding that Wilson was, in fact, concurrently employed at the time he sustained his work-related injury; it merely directed the ALJ to consider the evidence presented and make findings based thereon.

■ We agree with the Board that the ALJ's opinion was deficient in its analysis on the issue of concurrent wages as it failed to state the evidentiary basis for finding Wilson worked only eight hours per week in direct contravention of all of the testimony garnered throughout the proceedings that Wilson worked "pretty much full-time." The opinion and award did not recite any evidence to support the ALJ's determination. "Only when an opinion summarizes the conflicting evidence accurately and states the evidentiary basis for the ALJ's finding does it enable the Board and reviewing courts to determine in the summary manner contemplated by KRS 342.285(2) whether the finding is supported by substantial evidence and reasonable." *Arnold v. Toyota Motor Mfg.*, 375 S.W.3d 56, 62 (Ky.2012) (internal citations omitted). Like the Board, we are unable to ascertain the factual basis underpinning the ALJ's decision and thus the matter must be remanded to the ALJ for further findings on this issue.

■ Second, Pro Services alleges the ALJ's findings of fact and conclusions of law concerning Wilson's concurrent employment—or lack thereof—were supported by substantial evidence and the Board erred in vacating the decision. It contends the ALJ was presented with conflicting evidence and acted within its discretion in choosing which parts of the evidence to believe and thus, the Board usurped the ALJ's role as fact-finder when it remanded the matter for further proceedings. Again, we disagree.

As previously stated, the ALJ conducted no analysis regarding the number of hours Wilson worked each week and for whom. The finding that Wilson worked eight hours per week for Pro Services was conclusory and did not take into account any of the other testimony presented by Wilson, Chad, or Hughes, all of which spoke to the full-time nature of Wilson's employment. The failure to include any explanation or analysis of the issue in the opinion and award severely hampers our ability to determine the basis of the ALJ's decision. We cannot determine whether the ALJ was unconvinced by portions of the evidence or merely overlooked this body of testimony. In light of this omission, we are unable to conclude the ALJ's decision was based on substantial evidence and are compelled to hold the Board was correct in its reversal.

Third, Pro Services argues the Board overlooked or misconstrued controlling statutes and/or precedents in making its ruling. It argues the Board's analysis regarding Wilson's concurrent employment was erroneous and incomplete, failed to take every factor into account, and remanding the matter to the ALJ for a finding of concurrent employment was incorrect. This allegation is again based on Pro Service's incorrect assessment that the Board specifically found Wilson was concurrently employed and directed the

ALJ to so find on remand. Nowhere in the Board's opinion can we find such a ruling or mandate. As we have set forth above, upon concluding the ALJ's analysis on the issue was incomplete and insufficient, the Board remanded the case for further findings. Thus, Pro Services' allegation of error is not well-taken. We discern no error in the Board's decision.

■ We must briefly address Wilson's contention on cross-petition that the Board erred in holding judicial admissions have no place in Workers' Compensation proceedings. We disagree with Wilson's position and affirm the Board's decision. In its Opinion, the Board correctly stated:

> [c]ontrary to Wilson's assertions, judicial admissions play no role in Kentucky Workers' Compensation administrative proceedings. Effective June 15, 1995, the Commissioner of the Department of Workers' Claims, in promulgating regulations governing administrative proceedings before ALJs (sic), adopted certain of the Kentucky Rules of Civil Procedure. Rule 36, entitled Requests for Admission is specifically excluded. *See* 803 KAR 25:010 § 17(1); *Wadlington v. Sextet Mining Co.*, 878 S.W.2d 814 (Ky.App.1994). Instead, when facts are undisputed, the parties in workers' compensation actions are required to enter into agreed stipulations. *See* 803 KAR 25:010 § 16. Therefore, the testimony [of Buddy Hughes] set forth above is not a binding judicial admission.

This same view was set forth in *General Electric Co. v. Turpen*, 245 S.W.3d 781 (Ky.App.2006), in nearly identical language. Based on the clear language of the administrative regulations and binding precedents, the Board correctly declined to accept Wilson's position. The cases cited by Wilson in support of his argument are clearly distinguishable as none arises from an action in a workers' compensation proceeding and are therefore inapposite.

■ Finally, although we affirm the Board's decision to remand to the ALJ for further findings on the issue of concurrent employment, we take issue with the Board's assertion that [i]t is common knowledge full-time is a 40 hour work week. As noted in the dissent to the Board's opinion, the Act does not define the number of hours one must work to be considered as full-time employment.[4] The decision as to the number of additional hours Wilson worked for a concurrent employer, if any, shall be left to the sound decision of the ALJ on remand.

For the foregoing reasons, the opinion of the Workers' Compensation Board is affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion.

ALL CONCUR.

---

4. The dissent correctly states "full-time employment for purposes of state employees is 37.5 hours per week. There is neither 'common knowledge', nor a gold standard for determining the number of hours per week to be considered full-time."