# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: DECEMBER 17, 2020
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0646-WC

DONALD E. COTTLE                                                                    APPELLANT

V.
ON APPEAL FROM COURT OF APPEALS
NO. 2018-CA-1346
WORKERS' COMPENSATION BOARD
NO. 93-WC-00538

AK STEEL CORPORATION, F/K/A,                                                        APPELLEES
ARMCO STEEL CORPORATION,
SPECIAL FUND; ADMINISTRATIVE LAW
JUDGE, HONORABLE MONICA
RICE-SMITH AND
WORKERS' COMPENSATION BOARD

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Donald Cottle appeals from the Court of Appeals' decision that his

December 2017 motion to reopen was untimely. Because we agree with the

Court of Appeals and the Workers' Compensation Board that Cottle's motion to

reopen his case is time-barred under KRS[1] 342.125(8), we affirm.

## I. Factual and Procedural Background.

Cottle's original claim arose in 1992 when he sustained a lower-back

injury while working for what was then known as Armco Steel Corporation

(now AK Steel). His injury resulted in a 20% impairment. His settlement was

approved in 1994 with AK Steel and the Special Fund sharing the cost of his

---

[1] Kentucky Revised Statutes.

compensation. Cottle subsequently attempted to reopen his case several times. In 2002, Cottle attempted to reopen his case based on a change in his occupational disability but was denied because the claim was found time-barred. Cottle successfully reopened his claim in 2016 to settle a medical fee dispute regarding a proposed surgery, for which he would ultimately be compensated.

Finally, in 2017 Cottle again sought to reopen his claim; this time alleging an increase in his disability from 20% to 32% impairment. He was initially successful when the chief administrative law judge determined that when the case was reopened to resolve the medical fee dispute the four-year limitation in KRS 342.125 restarted. *Hall v. Hosp. Res. Inc.*, 276 S.W.3d 775 (Ky. 2008). AK Steel timely filed for reconsideration arguing that KRS 342.125(8) applied to Cottle's claim because it was decided prior to December 12, 1996 and that a medical fee dispute did not restart the clock on Cottle's claim. The ALJ agreed with AK Steel. The Board and the Court of Appeals both affirmed in turn.

## II. Standard of Review

Our standard of review in workers' compensation cases is well settled. Appellate courts review the Board's decision only to correct instances where "[t]he [B]oard has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Tryon Trucking, Inc. v. Medlin*, 586 S.W.3d 233, 237-38 (Ky. 2019) (citing *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992)). However, because Cottle's claim is before this Court purely on a question of

2

statutory interpretation, we are not bound by either the decision of the Court of Appeals or the Board, and our review is *de novo.  Ford Motor Co. v. Jobe*, 544 S.W.3d 628, 631 (Ky. 2018).

## III.    Analysis

When this Court is tasked with interpreting a statute, "[w]e have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion." *Univ. of Louisville v. Rothstein*, 532 S.W.3d 644, 648 (Ky. 2017) (citations omitted).  "As such, we must look first to the plain language of a statute and, if the language is clear, our inquiry ends." *Id.*  Cottle concedes that under our current understanding of KRS 342.125(8),[2] his case necessarily fails because he filed it well after its original deadline.  As a result, he asks us to overrule *Meade v. Reedy Coal Co.*, 13 S.W.3d 619, 622 (Ky. 2000), which held that KRS 342.125(8) applied a four-year limit to reopen claims on cases decided or settled prior to December 12, 1996.

We disagree with Cottle's interpretation and so decline to overrule our decision in *Meade*.  A plain reading of KRS 342.125(8) directs that claims decided prior to December 12, 1996, "may be reopened within four (4) years of the award or order or within four (4) years of December 12, 1996, whichever is

---

[2] KRS 342.125(8) states:

The time limitation prescribed in this section shall apply to all claims irrespective of when they were incurred, or when the award was entered, or the settlement approved. However, claims decided prior to December 12, 1996, may be reopened within four (4) years of the award or order or within four (4) years of December 12, 1996, whichever is later, provided that the exceptions to reopening established in subsections (1) and (3) of this section shall apply to these claims as well.

later, provided that the exceptions to reopening established in subsections (1)[3] and (3)[4] of this section shall apply to these claims as well." Cottle's chief difficulty is that his exact circumstance was contemplated by the legislature, which unambiguously provided him with a four-year window wherein he could reopen his claim. This window has closed.

Additionally, for us to find in Cottle's favor, we would have to ignore the sweeping changes the legislature made to KRS 342.125 in 2018 while choosing to leave the language in KRS 342.125(8) wholly undisturbed. Act of Mar. 30,

---

[3] KRS 342.125(1) states:

Upon motion by any party or upon an administrative law judge's own motion, an administrative law judge may reopen and review any award or order on any of the following grounds:

(a)     Fraud;

(b)     Newly-discovered evidence which could not have been discovered with the exercise of due diligence;

(c)     Mistake; and

(d)     Change of disability as shown by objective medical evidence of worsening or improvement of impairment due to a condition caused by the injury since the date of the award or order.

[4] KRS 342.125(3) states:

Except for reopening solely for determination of the compensability of medical expenses, fraud, or conforming the award as set forth in KRS 342.730(1)(c)2., or for reducing a permanent total disability award when an employee returns to work, or seeking temporary total disability benefits during the period of an award, no claim shall be reopened more than four (4) years following the date of the original award or original order granting or denying benefits, when such an award or order becomes final and nonappealable, and no party may file a motion to reopen within one (1) year of any previous motion to reopen by the same party. Orders granting or denying benefits that are entered subsequent to an original final award or order granting or denying benefits shall not be considered to be an original order granting or denying benefits under this subsection and shall not extend the time to reopen a claim beyond four (4) years following the date of the final, nonappealable original award or original order.

4

2018, ch. 40 § 4, 2018 Ky. Acts.[5] We cannot do so. Instead, we reaffirm this Court's holding in *Meade*, that KRS 342.125(8) provided a four-year window wherein claims decided prior to December 12, 1996 could be reopened. 13 S.W.3d at 621. Additionally, we note that if we were to accept Cottle's interpretation, KRS 342.125(1) would wholly subsume the time limitations laid out in KRS 342.125(8) with regards to claims decided prior to December 12, 1996. This would be an absurd result.

Notwithstanding our decision in *Meade*, Cottle argues that his claim nevertheless succeeds because, based on our decision in *Hall*, when his claim was reopened in 2016 for a medical fee dispute it restarted the four-year clock, thus making his subsequent claim for an increase in disability from 20% to 32% timely. We disagree. Firstly, in *Hall,* we stated that medical fee disputes did not extend the window for reopening a claim. 276 S.W.3d at 785-86. However, even if we accept Cottle's argument at face value, he would still not be successful because the legislature has made significant changes to KRS 342.125(3), largely nullifying our decision in *Hall.* In 2018, the legislature amended the language to provide that any order entered subsequent to an original order "shall not be considered to be an original order granting or denying benefits under this subsection and shall not extend the time to reopen a claim beyond four (4) years following the date of the final, nonappealable

---

[5] In *Slaughter v. Turns*, 607 S.W.3d 692, 694-95 (Ky. 2020), we incorrectly referred to KRS 342.125(8) as a new section enacted in 2018. In fact, this section was enacted in 1996 and has remained in effect without interruption since then. Act of Dec. 12, 1996, ch. 1 § 6(8), 1996 Ky. Acts (Ex. Sess.) 1, 14. This slight misstatement does not, however, change the result in *Slaughter* nor compel a decision in Cottle's favor.

original award or original order." KRS 342.125(3).[6] The amended language is unequivocal. Subsequent orders do not restart the clock on claims which have already been finalized. We note, finally, that although Cottle's claim was filed in 2017, the state legislature expressly stated that the changes to KRS 342.125 were remedial and consequently, retroactively applicable. (2018 Ky. Acts. Ch. 40 Sec. 20(2)).

## IV. Conclusion

For the reasons stated above, we affirm the Court of Appeals' decision that Cottle's motion to reopen was time-barred.

All sitting. All concur.

COUNSEL FOR APPELLANT:

William Champ Oakley Reaves
William C.O. Reaves, P.S.C

COUNSEL FOR APPELLEE,
AK STEEL CORPORATION:

Amy Denise Cubbage
Kentucky Labor Department

Keri E. Hieneman
Van Antwerp Attorneys, LLP

COUNSEL FOR APPELLEE,
MONICA RICE-SMITH:

Not represented by Counsel

---

[6] Act of Mar. 30, 2018, Ch. 40 § 4(3), 2018. Ky. Acts.

COUNSEL FOR APPELLEE,
WORKERS' COMPENSATION BOARD:

Michael Wayne Alvey
Workers' Compensation Board